1  SHERRYL L. MADISON
   20280 North 59th Avenue, Ste. 115-217
2  Glendale, Arizona 85308

3  Phone: 602-741-0891

4  In Propria Persona

FILED ___ LODGED
___ RECEIVED ___ COPY

AUG 2 5 2008

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ P DEPUTY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

In the Matter of:

SHERRYL L. MADISON,

              Plaintiff,

VS.

First Magnus Financial Corporation, Lehman Brothers Holdings, INC., Mortgage Electronic Registration Systems, INC., GMAC Mortgage, LLC., Transnational Financial Network, Inc, Fremont Investment& Loan Company, Homecomings Financial Network, LLC, Indy Mac Bank, FSB, US Bank National Association, Fidelity National Foreclosure Solutions, AMC Mortgage Services, Inc., Unified Capital Group, INC., Community Lending Service, Inc., Argent Mortgage Company, LLC., Washington Mutual Home Loan Servicing, Litton Loans & HomeEq Servicing Inc.

              Defendants.

Case No.:

## CV'08 01562 PHX DKD

## CIVIL ACTION COMPLAINT

## VIOLATION OF FEDERAL STATUTES, THE CODE OF FEDERAL REGULATIONS (CFR) & THE TRUTH IN LENDING ACT. (TILA)

   (NEGLIGENCE PER SE)

Plaintiff SHERRYL L. MADISON, (hereinafter referred to as "Plaintiff") In Propria Persona for her Complaint against the Defendants, First Magnus Financial

1

Corporation, Lehman Brothers Holdings, INC, Mortgage Electronic Systems, INC, GMAC Mortgage, LLC., Fremont Investments & Loan Company, Homecoming Financial Network, LLC, Indy Mac Bank, FSB, US Bank National Association, Fidelity National Foreclosure Solutions, Community Lending Service, Inc., AMC Mortgage Services, United Capital Group Inc., Argent Mortgage Company, LLC., Washington Mutual Home Loans, Litton Loan Servicing  & Homeq Servicing Inc. (hereinafter referred to as "Defendants") allege and state as follows:

## THE PARTIES

1.    The Plaintiff in this cause of action is Sherryl L. Madison, who is also Homeowner of the subject properties.

2.    The Defendants in this cause of action are First Magnus Financial Corporation, Lehman Brothers Holdings, INC, Mortgage Electronic Systems, INC, GMAC Mortgage, LLC., Fremont Investments & Loan Company, Homecoming Financial Network, LLC, Indy Mac Bank, FSB, US Bank National Association, Fidelity National Foreclosure Solutions, AMC Mortgage Services, United Capital Group Inc., Community Lending Service, Inc., Argent Mortgage Company, LLC., Washington Mutual Home Loans & Homeq Servicing Inc.

## JURISDICTION AND VENUE

3.    Jurisdiction "arises under" 28 USC 1331, as to the Federal Questions presented and 28 USC §1332 Diversity Jurisdiction.

2

4.     Diversity, in that Plaintiff is domiciled in the State of Arizona and the Defendants' places of incorporation are in States other than Arizona respectively, Title 12 USC, Chapter 38; Jurisdiction, Title 12, Regulation Z, Part 226.1(c) (3), Title 24 CFR, Regulation X, Part 3500 and Title 12 USC §2614, the Real Estate Procedures Settlement Act (Hereinafter "RESPA") and Title 28 USC §1367, relative to any Arizona State claims. The United States District Court for the District of Arizona has subject matter jurisdiction over the stated claims, and proper venue is within this Honorable United States District Court.

## GENERAL BACKGROUND

5.     This is an action for rescission, retirement and return of Promissory Notes to certain Real properties.  These purported Promissory Notes and actions on the part of the Defendants herein demonstrate unfair trade and predatory lending practices.

6.     Between December 15, 2003 and July 2006, the Plaintiff refinanced and/or purchased the properties located at 1) 24220 N. 53rd Avenue Glendale, AZ 85310 Legal Description as: The North 324.36 feet of the following described property: The East 179.66 feet of the east half of the Southeast quarter of the Southwest quarter of the Northeast quarter of section 8, township 4 north, range 2 East of the Gila and Salt River Base and Meridian, Maricopa County, Arizona: EXCEPT the following described property: The North 25 feet and the East 25 feet of the North 324.36 feet of

the East 179.66 feet of the East half of the Southeast quarter of the Southwest quarter of the Northeast quarter of section 8, Township 4 North, Range 2 East of the Gila and Salt River Base and Meridian, Maricopa County, Arizona; and also EXCEPT that part of the said North 324.36 feet of the East 179.66 feet bounded on the North by the South line of said North 25 Feet, on the East by the West line of the said East 25 feet and on the Southwest by the arc of a circular curve concave Southwesterly, having a radius of 12 feet  and being tangent to said South line and to the West line., 2) 522 E. Glendale Avenue Phoenix, AZ 85020.  Legally described as lot 2, DIANA ESTATES, According to Book 48 of Maps, Page 49, records of Maricopa County, Arizona.  EXCEPT that portion of said Lot 2 lying Southerly of the line described as follows:  BEGINNING at the Northeast corner of the South 10 feet of said Lot 2:  Thence Westerly along the North line of said South 10 feet to the West line of the East 90.48 feet of said lot; Thence Westerly to a point in the West line of said Lot that is 8.10 feet Northerly of the Southwest corner thereof and the terminus of the line herein described. Parcel No. 2: The West 4 feet of that part of Lot 1, DIANA ESTATES, According to Book 48 of Maps, Page 49, records of Maricopa County, Arizona, lying South of the Easterly prolongation of the North line of Lot 2, DIANA ESTATES.  EXCEPT the South 10 feet thereof, 3) 2302 E. Lincoln Dr. Phoenix, AZ 85016.  Legally described as Lot 70, of Indian Hills Two, According to the Plat of Record in the Office of the County Recorder of Maricopa County, Arizona, Recorded A.P.N.:

4

164-43-011, 4) 16083 West Morning Glory Street, Goodyear, Arizona 85338. Legally described as Lot 499, Wildflower Ranch Unit IV, According to Book 447 of Maps, Page 16, and Records of Maricopa County Arizona, 5) 18607 North 45th Drive, Glendale, Arizona 85308. Legally described as Lot 2, Overland Trails, According to Book 245 of Maps, Page 20, and Records of Maricopa County Arizona, and 6) 7384 W. Utopia Rd. Glendale, AZ 85308. Legally described as APN: 20029135, Maricopa County Book of Maps: 155-LE, Census Tract: 303.383, Arrowhead by the Lakes Mcr. 271-31 Collectively, the Defendants caused plaintiff to sign a document without disclosing the Waiver of Right of Presentment and Notice of Dishonor in violation of Title 15 USC 1693 (L) and Article 2 ARS § 6-631(A). Prior to execution of the document, Defendants failed to disclose material information about loan values and interest rates as required by the Truth in Lending Act (Hereinafter referred to as "TILA").

7.   The Defendants failed to give to the Plaintiff proper "Notice of Right to Cancel" form or acknowledged Plaintiff's rights to cancel within the statutory time period. In fact, was not mention of a "right to cancel" (if given at all) Defendants did not disclose the last date Plaintiff could rescind the agreement. Defendants also failed to obtain the Plaintiff's signature on the "right to cancel" form, evidencing that the Defendants failed to deliver proper disclosure as required by Federal and State Laws. See: *Federal Truth In Lending Act (TILA).*

8.   The Defendants did not provide an explanation of the Yield Spread

Premium "YSP" fees and ultimate costs to Plaintiff listed on the HUD-1 statement, in violation of United States Code of Federal Regulation, Title 24 §3500.7, Section C, Subsection 1.

9.  Plaintiff also seeks recovery for damages for the Defendants' non-disclosure of Plaintiff's right to cancel, in violation of the "TILA", and other Federal and Arizona State Laws in violation of consumer rights. (See: "TILA" and "RESPA" Disclosure Requirements).

10. Plaintiff and Defendants purportedly executed Mortgage and Promissory Notes, with loan of numbers: 1010228342, 7427423850 – 730459652, 15823750, 0755687845, 324628239, and 0601571951.  The purported Mortgage and Promissory Notes were neither signed nor ratified by the parties.  During the purported loan transaction, Plaintiff never received original documents or evidence of any other agreement, signed in blue ink by all parties.  Relevant provisions of "TILA" and RESPA requires that the transaction mandate Plaintiff's receipt of the original note. *See: TILA and RESPA disclosures.*

11. Either before, during or after the purported Real Estate Settlement, Defendants ignored and/or failed to  provide Plaintiff with copies of important documents, including the complete Disclosure, Adequate Consideration understanding of all material facts in the original transaction, Production of Original Documents, Proof that there was no material alteration of the original agreement, and Original Promissory Note(s), signed in blue ink, (bearing signatures of all parties) and Form

1035 Custodian of Documents, Form 1099 Original Issue Discount for each year as holder in possession of the original Promissory Notes, all Escrow Title Communications, the Allonge (front and back), affixed to the original Promissory Note(s) for Endorsements, the Deposit Slip(s) for the Deposit of Promissory Note(s) associated with the above loan numbers, all Bookkeeping Journals/Account Ledger Entries associated with Promissory Note(s), Agreement(s) and Loan Numbers, Certified Copies of canceled checks issued by Defendants in payment of said Promissory Note(s) and Security Instrument(s) which explains consumer rights and other rights, including but not limited to, the right to cancel the contract and the mandatory Federal Truth in Lending Disclosures, such as the preliminary TILA disclosures.

12. Defendants also intentionally failed and/or refused to provide Plaintiff with various disclosures that would indicate to Plaintiff that the purported contract entered into was void and/or illegal (unconscionable). For instance, Defendants failed to disclose the actual names of the purported lenders with whom the Plaintiff allegedly entered into such agreements and a definite interest rate.

13. Defendants' attorneys and/or settlement officers, throughout the subject history of the loans, did not furnish Plaintiff with copies of the primary Transaction, Transaction Account, or Monetization of the purported Promissory Notes.

14. Defendants caused to be filed into the records of the State of Arizona, a

non-judicial foreclosure without establishing true ownership and true beneficial interests in the subject Deed of Trust and Promissory Notes purportedly executed by Plaintiff. In addition, no notice of default, notice acceleration or right to cure with a complete accounting of the transaction and cost was provided to Plaintiff.

15.     Plaintiff was not given notice with a full accounting of all assignments, custody changes, or transfers of ownership and/or interests.

16.     Defendants failed to provide a history of the purported loans, Notice of Default and Right to cure, with a full accounting to demonstrate the source of the loans and/or their originations.

17.     Defendants failed to deliver an acceleration statement, accelerating the purported loan, with a full and complete accounting.

18.     The Defendants herein and at all times relevant thereto, were under legal obligation as fiduciaries and had responsibility to oversee and facilitate consummation of the alleged loans and to ensure that Plaintiff's consummation and funding dates were correct and that Plaintiff received all mandated documentation under TILA and RESPA, before and after primary or secondary loans.

19.     The Defendants, and/or their appointed representatives did not at any time disclose to the Plaintiff with verifiable evidence, their absolute authority to foreclose, recall or otherwise dispose of Plaintiff's properties in this matter. The Defendants' engagement letters; powers of attorney to act for and on behalf of the mortgagee (or trustee or the beneficiary), or

documents showing their commission, bond or oath to act in their professional or individual capacity, was never disclosed to Plaintiff.

20.    At no time did the Defendants apply for the required foreclosure commission designation from HUD as required by Title 12 USC, Chapter 38A (d) (1). Since the Promissory Notes were used by Fannie Mae, the purported loans fall under the regulation of HUD. Defendants did not notify Plaintiff that her Promissory Notes were sold/assigned, as required Title 12 USC § 2605, Chapter 27 (c)(1).

21.    Defendants further did not at any time protect the interests of the mortgagor as required by Title 12 USC, Chapter 38A (b).

## FIRST CAUSE OF ACTION

## UNFAIR TRADE PRACTICES INVOLVING NON-COMPLIANCE OF TILA.

22.    The facts made above in paragraphs 1 through 21 are hereby re-alleged as though fully set forth and incorporated by reference herein.

23.    The mortgage documents and mandated disclosures under TILA and RESPA were not provided to Plaintiff by Defendants, after the settlement was complete, and after Plaintiff had purported to sign the documents.

24.    The above-mentioned actions willfully and intentionally taken by the Defendants constitute fraud, and misrepresentation of the true nature of the financial transaction, and settlement agreement.

25.     As a direct, proximate, and foreseeable result of Defendants' actions relative to their duty of care.  In breaching that care, Plaintiff is subject to loss of property and loss of use of property, suffering legal recognizable injury and other damages as a result of Defendants' reckless and willful actions.

## SECOND CAUSE OF ACTION

### DISCLOSURE VIOLATION PURSUANT TO REVISED ARTICLE 9 UCC

26.     The facts made above in paragraphs 1 through 25 are hereby re-alleged as though fully set forth and incorporated by reference herein.

27.     The subject credit transactions are governed by the disclosure requirements of Revised Article 9 of the UCC's and is rescindable under 15 USC §1635(a).

28.     The UCC 1 lien applies to the transactions to collateralize the loan under Revised Article 9 of the UCCs and to Defendants, because lien rights on the property arose in favor of Defendants as a result of the transactions.

29.     Never during the loans' history did any assignee, nominee or successor of the loan ever disclose, file, or have the Plaintiff sign the required UCC forms.

30.     Defendants failed and /or refused to meet the disclosure requirements of Revised Article 9 of the UCC, by not providing the notice required or filing it before during or immediately after the settlement or during the duration of the alleged history of the loans, as mandated under the Article.

31. Plaintiff is specifically in the class of persons the statute was designed to protect.

32. Plaintiff specifically suffered the type of injury the statute was designed to protect against.

33. As a direct, proximate, and foreseeable result of Defendants' failure to provide proper notices, Plaintiff is subject to loss of property and loss of use of property and other damages as a result of Defendants' failure to perform as stated paragraphs 2 through 33 above.

### THIRD CAUSE OF ACTION
### UNFAIR TRADE PRACTICES INVOLVING NON-COMPLIANCE OF TILA

34. The facts made above in paragraphs 1 through 33 are hereby re-alleged as though fully set forth and incorporated by reference herein.

35. Defendants failed and /or refused to meet the disclosure requirements of Revised Article 9 of the UCC, by not disclosing any definite, implied or inferred assignment by Plaintiff of power of attorney rights, responsibilities or other rights to defendants to act on her behalf by any actions taken or not taken during the settlement transactions.

### FOURTH CAUSE OF ACTION
### MISSING DISCLOSURE STATEMENTS PURSUANT TO 15 U.S.C. §1638

36. The facts made above in paragraphs 1 through 35 are hereby re-alleged as though fully set forth and incorporated by reference herein.

37.   The required disclosure statements are completely missing under 15 USC §1638(a) (2) (B) (a) (9), (a) (11) and (a) (12) and Regulation Z, Part 226.17 et seq.

38.   Defendants failed and/or refused to meet the disclosure requirements of Section 1638, by not providing the disclosure or causing its filing before during or immediately after the settlement, as required under this statute.

39.   Plaintiff is specifically in the class of persons this statute was designed to protect.

40.   As a direct, proximate, and foreseeable result of Defendants' failure to provide proper notice/disclosure, Plaintiff is subject to loss of property and loss of use of property and other damages as a result of Defendants' failure.

## FIFTH CAUSE OF ACTION
## MISSING DISCLOSURE PURSUANT TO TITLE 12 CFR §226

41.   The facts made above in paragraphs 1 through 40 are hereby re-alleged as though fully set out and incorporated by reference herein.

42.   The Federal Reserve Board Interpretation, Title 12 CFR, Regulations Part 226, Supplement 1, Paragraph 23(a)(1), provides that in the present cases the transactions are rescindable for reasons stated above and below.

43.   The disclosures made in relation to the consumer credit transactions were not presented in the manner required by law.  Furthermore, the disclosures were not grouped together and were not segregated from everything else as required by Title 12 Code of Federal Regulations, Section 226.17(a)(1) and in some cases were not given at all.

44.   Plaintiff is specifically in the class of persons this statute was designed to protect.

45.   As a direct, proximate, and foreseeable result of Defendants' failure to provide proper notice/disclosure, Plaintiff is subject to loss of property and loss of use of property and other damages as a result of Defendants' failure.

## SIXTH CAUSE OF ACTION
## RIGHT TO RESCIND VIOLATIONS, PURSUANT TO TITLE 12 CFR §226.23(b) (1)

46.   The facts made above in paragraphs 1 through 45 are hereby re-alleged as though fully set out and incorporated by reference herein.

47.   The right to rescind or cancel settlement document was an improper form unsigned by the parties, undisclosed or provided to Plaintiff and failed to contain the required disclose language as required by Title 12 Code of Federal Regulation, Section 226.23(b)(1)(i)(iv) and (v).

48.   Plaintiff is specifically in the class of persons this statute was designed to protect.

49.   As a direct and proximate cause of Defendants' failure to provide proper notice/disclosure, Plaintiff suffered loss of property and other damages as a result of Defendants' failure.

## SEVENTH CAUSE OF ACTION
## RIGHT TO CANCEL VIOLATIONS PURSUANT TO TITLE 12 CFR §226.23(b) (1)

50. The facts made above in paragraphs 1 through 49 are hereby re-alleged as though fully set out and incorporated by reference herein.

51. There was no separate form to cancel with an address of the creditor for the Plaintiff to send such a form as required by Title 12 Code of Federal Regulation, Section 226.23(b)(1)(iii).

52. Plaintiff is specifically in the class of persons this statute was designed to protect.

53. As a direct and proximate cause of Defendants' failure to provide proper notice/disclosure, Plaintiff is subject to loss of property and loss of use of property and other damages as a result of Defendants' failure.

**EIGHTH CAUSE OF ACTION**

**DECEPTIVE GROUPING PURSUANT TO TITLE 12 CFR §226.17(a)**

54. The facts made above in paragraphs 1 through 53 are hereby re-alleged as though fully set out and incorporated by reference herein.

55. The Plaintiff was not provided with interest rates, required disclosures and other information that should have been located within the documents, and Plaintiff was not given copies of the documents before consummation so that she could read them and keep original copies of the same as required by 12 CFR §226.17(a) and (b).

56. Plaintiff is specifically in the class of persons this statute was designed to protect.

14

57.    As a direct, proximate, and foreseeable result of Defendants' failure to provide proper notice/disclosure, Plaintiff is subject to loss of property and loss of use of property and other damages as a result of Defendants' failure.

## NINTH CAUSE OF ACTION

## INCOMPLETE OR INCORRECT GOOD FAITH ESTIMATE TITLE 12 CFR §226.18

58.    The facts made above in paragraphs 1 through 57 are hereby re-alleged as though fully set out and incorporated by reference herein.

59.    An incomplete and/or inaccurate good faith estimate was received by Plaintiff which failed to provide all the disclosures of 12 CFR §226.18 as required by 12 Code of Federal Regulation, Section 226.18(c) and 12 USC §2601 et seq.

60.    Plaintiff is specifically in the class of persons this statute was designed to protect.

61.    As a direct and proximate cause of Defendants' failure to provide proper notice/disclosure, Plaintiff is subject to loss of property and loss of use of property and other damages as a result of Defendants' failure.

## TENTH CAUSE OF ACTION

## CONSUMER STATEMENTS MISSING PURSUANT TO TITLE 12 CFR §226.18

62.    The facts made above in paragraphs 1 through 61 are hereby re-alleged as though fully set out and incorporated by reference herein.

63.   A disclosure statement that the Plaintiff should be directed to and clause with information about nonpayment, default, the right to accelerate was not provided by the Defendants, as required by Title 12 Code of Federal Regulation, Section 226.18(p).

64.   Plaintiff is specifically in the class of persons this statute was designed to protect.

65.   As a direct and proximate cause of Defendants' failure to provide proper notice/disclosure, Plaintiff is subject to loss of property and loss of use of property and other damages as a result of Defendants' failure.

### ELEVENTH CAUSE OF ACTION

### DISCLOSURE VIOLATIONS PURSUANT TO TITLE 15 U.S.C. 1601, ET. SEQ. AND REGULATION Z PART 226.4 AND 5

66.   The facts made above in paragraphs 1 through 65 are hereby re-alleged as though fully set out and incorporated by reference herein.

67.   Since this action was commenced, Defendants have continued and so continue to violate the Consumer Credit Protection Act, Title 15 United States Code, Section 1601 et seq., and Regulation Z, Title 12 Code of Federal Regulations, Part 226.4 and 5, which was adopted pursuant to such Act, by failing to properly make the disclosures required by the Act and Regulation Z, as herein after more particularly set forth.

68.     Plaintiff is specifically in the class of persons this statute was designed to protect.

69.     As a direct and proximate cause of Defendants' failure to provide proper notice, Plaintiff is subject to loss of property and loss of use of property and other damages as a result of Defendants' failure.

**TWELFTH CAUSE OF ACTION**

**FAILURE TO DISCLOSE CALCULATION OF PMI BALANCE TITLE 12 CFR §226.18**

70.     The facts made above in paragraphs 1 through 69 are hereby re-alleged as though fully set out and incorporated by reference herein.

71.     Defendants failed to disclose in or with the disclosure statements an explanation of how that PMI balance was determined as required by the disclosures pursuant to Title 12 Code of Federal Regulations, Section 226.18 et seq.

72.     Plaintiff is specifically in the class of persons this statute was designed to protect.

73.     As a direct and proximate cause of Defendants' failure to provide proper acceleration notice, Plaintiff is subject to loss of property and loss of use of property and other damages as a result of Defendants' failure.

**THIRTEENTH CAUSE OF ACTION**

**FAILURE TO DISCLOSE ITEMIZATION OF CHARGES PURSUANT TO TITLE 12 CFR §226.21**

74.   The facts made above in paragraphs 1 through 73 are hereby re-alleged as though fully set out and incorporated by reference herein.

75.   Defendants failed to disclose in or with the acceleration statement the amounts, itemized and identified by type, of charges other than finance charges debited to the account during the acceleration period as required by Title 12 Code of Federal Regulations, Section 226.21.

76.   Plaintiff is specifically in the class of persons this statute was designed to protect.

77.   As a direct and proximate cause of Defendants' failure to provide proper notice, Plaintiff is subject to loss of property and loss of use of property and other damages as a result of Defendants' failure.

## FOURTEENTH CAUSE OF ACTION

### FAILURE TO DISCLOSE INFLATED PMI AMOUNT BASED ON DEROGATORY CREDIT INFORMATION AS REQUIRED BY THE FAIR CREDIT REPORTING ACT 15 U.S.C. § 1681 ET SEQ.

78.   The facts made above in paragraphs 1 through 77 are hereby re-alleged as though fully set out and incorporated by reference herein.

79.   Defendants have failed to disclose any decisions that may or may not have been based on derogatory information in Plaintiff's credit history as required by the Fair Credit Reporting Act (herein after FCRA) 15 USC §1681 et seq.

80.   Plaintiff is specifically in the class of persons this statute was designed to protect.

81.     As a direct and proximate cause of Defendants' failure to provide proper notice, Plaintiff is subject to loss of property and loss of use of property and other damages as a result of Defendants' failure.

## FIFTEENTH CAUSE OF ACTION

## FAILURE TO DISCLOSE DATE IN VIOLATION OF TITLE 12 CFR §226.18

82.     The facts made above in paragraphs 1 through 81 are hereby re-alleged as though fully set out and incorporated by reference herein.

83.     Defendants failed to disclose the date by which or the time period within which the new balance or any portion of the new balance must be paid to avoid additional finance charges as required by Title 12 Code of Federal Regulations, Section 226.18(p).

84.     Plaintiff is specifically in the class of persons this statute was designed to protect.

85.     As a direct and proximate cause of Defendants' failure to provide proper notice, Plaintiff is subject to loss of property and loss of use of property and other damages as a result of Defendants' failure.

## SIXTEENTH CAUSE OF ACTION

## FAILURE TO PROVIDE COPIES OF MORTGAGE DOCUMENTS IN VIOLATION OF 15 USC §1601 ET SEQ.

86.     The facts made above in paragraphs 1 through 85 are hereby re-alleged as though fully set out and incorporated by reference herein.

87.   Defendants failed to give to Plaintiff signed copies of the complete mortgage as required by 15 USC §1601 et seq. within a reasonable amount of time or never during the entire period of the Loan Agreement.

88.   Plaintiff is specifically in the class of persons this statute was designed to protect.

89.   As a direct and proximate cause of Defendants' failure to provide proper notice, Plaintiff is subject to loss of property and loss of use of property and other damages as a result of Defendants' failure.

### SEVENTEENTH CAUSE OF ACTION

### FAILURE TO OBTAIN SIGNED LOAN DOCUMENTS IN VIOLATION OF 15 USC SECTION 1601 ET. SEQ. AND TITLE 12, REGULATION Z, PART 226 ET SEQ.

90.   The facts made above in paragraphs 1 through 89 are hereby re-alleged as though fully set out and incorporated by reference herein.

91.   Defendants failed to sign and give the required loan documents and disclosures to Plaintiff as required by 15 USC §1601 et seq. and Title 12, Regulation Z, Part 226 et seq.

92.   Plaintiff is specifically in the class of persons this statute was designed to protect.

93.   As a direct and proximate cause of Defendants' failure to provide proper signed loan documents and disclosures, Plaintiff is subject to loss of property and loss of use of property and other damages as a result of Defendants' failure.

### EIGHTEENTH CAUSE OF ACTION

### VIOLATION OF SETTLEMENT PROCEDURE PURSUANT TO TITLE 12 USC SECTION 2601 ET SEQ.

94. The facts made above in paragraphs 1 through 93 are hereby re-alleged as though fully set out and incorporated by reference herein.

95. Defendants failed to disclose to the Plaintiff the use of the Yield Spread Premium (Herein after YSP) as required by Title 12 USC §2601 et seq.

96. Plaintiff is specifically in the class of persons this statute was designed to protect.

97. As a direct and proximate cause of Defendants' failure to provide proper notice, Plaintiff is subject to loss of property and loss of use of property and other damages as a result of Defendants' failure.

### TWENTIETH CAUSE OF ACTION

### FAILURE TO GIVE 3 DAY COOLING PERIOD IN VIOLATION OF 15 USC §1601, et. seq. & REGULATION Z PART 226 et. seq.

98. The facts made above in paragraphs 1 through 97 are hereby re-alleged as though fully set out and incorporated by reference herein.

99. Defendants failed to give Plaintiff the required 3 day cooling off period, as required by Regulation Z and 15 USC §1601 et seq.

100. Plaintiff is specifically in the class of persons this statute was designed to protect.

101.   As a direct and proximate cause of Defendants' failure to provide proper 3 day cooling off period, Plaintiff is subject to loss of property and loss of use of property and other damages as a result of Defendants' failure.

## TWENTY-FIRST CAUSE OF ACTION

### FAILURE TO GIVE CONSPICUOUS WRITINGS IN VIOLATION OF 15 USC SECTIONS 1601 ET. SEQ, 15 USC 15 USC § 1681 ET. SEQ AND TITLE 12 CFR §226.18

102.   The facts made above in paragraphs 1 through 101 are hereby re-alleged as though fully set out and incorporated by reference herein.

103.   By reason of the foregoing, Defendants have failed to make the disclosures required by 15 USC §1601 et seq. and Title 12 Code of Federal Regulations, Section 226.18, clearly and conspicuously in writing, in a form that Plaintiff could keep as required by 15 USC §1601 et seq., 15 USC §1681 et seq. and Title 12, Code of Federal Regulations, Section 226.18. As a proximate result of the foregoing, the Plaintiff herein has the right to rescind the entire transaction.

104.   Plaintiff is specifically in the class of persons this statute was designed to protect.

105.   As a direct and proximate cause of Defendants' failure to provide proper notice, Plaintiff is subject to loss of property and loss of use of property and other damages as a result of Defendants' failure.

## TWENTY-SECOND CAUSE OF ACTION

### NOTICE IN VIOLATION OF Title 12 USC §2601 ET. SEQ, 15 USC §1601, et. Seq. AND TITLE 12 CFR §226.18

106.    The facts made above in paragraphs 1 through 105 are hereby re-alleged as though fully set out and incorporated by reference herein.

107.    Defendants have further failed to give proper notice of Notice of Default and Right to Cure and acceleration of the loan transaction as required by 12 USC §2601 et seq. and 15 USC §1601 et seq.

108.    Plaintiff is specifically in the class of persons this statute was designed to protect.

109.    As a direct and proximate cause of Defendants' failure to provide proper notice, Plaintiff is subject to loss of property and loss of use of property and other damages as a result of Defendants' failure.

110.    By a review of the required GAAP accounting of the loan transaction (12 USC 1831 and 12CFR741.6), collectively, the Defendants placed the Promissory Notes into a temporary depository account in Plaintiff's name and recorded the Promissory Note as an asset, ...thereafter removed this asset into a transactional account and issued credits from that account which constituted the draft which was issued.

111.    Defendants removed the corpus of this deposit from borrowers temporary depository account without knowledge or consent of Plaintiff.

112.    The Promissory Note and mortgage executed by Plaintiff on closing date were "uncertified security instruments".

113.   Defendants converted Plaintiff's Promissory Note into a negotiable instrument without compensation to Plaintiff. Title 5 USC says the bank cannot "steal" Plaintiff's Promissory Notes without consideration.

114.   Defendants converted the Promissory Notes of which the mortgage (deed of trust) was security into self-funding Promissory Notes.  "What they do when they make loans is to accept Promissory Notes in exchange for credits to the borrowers' transaction accounts", Federal Reserve publication "Modern Money Mechanics-pg 6".

115.   Defendants took this Promissory Note, monetized it, and then recorded it as an asset on its accounting books. Defendants have neither consideration nor risk of loss in the transaction.

116.   Defendants utilized this Promissory Note as a money reserve and engaged in loans to others of non-existent money based on the recorded asset value of this Promissory Note.

117.   Defendants converted the equity value of Plaintiff's interest in the Promissory Note into an exchange of credits.

118.   This exchange of credits did not transfer entitlement rights nor meet the standard of sale of such rights under the Uniform Commercial Code nor under any other standard of Commercial Law.

119.   Defendants did this under the auspices of fractional reserve banking. The sale of servicing rights is not equal to the legal rights in the assets.

120.   By Defendants' act of conversion of Plaintiff's Promissory Notes, Plaintiff and Defendants simply exchanged negotiable instruments.

24

121. By converting the Promissory Notes, Plaintiff and Defendants simply exchanged book entry securities credits.

122. Defendants misrepresented to Plaintiff that this book entry securities exchange was instead a debt owed by Plaintiff to Defendants.

123. Defendants failed to disclose to Plaintiff the asset entries on the bank GAAP accounting ledger as evidence a loan of money was made.

124. Defendants did not disclose to Plaintiff that it would convert the Promissory Notes into a monetized negotiable instrument upon which it would lend as available money to other borrowers ten (10) times the amount of Plaintiff's (mortgagor/alleged debtor) Promissory Note.

125. Although Plaintiff acknowledges making monthly payments to the Defendants, Plaintiff does not owe money to the Defendants. And "A deposit created through lending is a debt that has to be paid on demand of the depositor, just the same as a debt arising from a deposit of checks or currency in the bank", Federal Reserve publication "Two Faces of Debt", page 19.

126. Defendants were not Holder in Due Course (or Holder in Possession), nor Party of Interest of the promissory Note and Mortgage by their own admission See: MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., VS. ENZO CABRERA, ET AL) and thereby lacked standing to bring summons and complaint.

127. Defendants lacked authority from Secretary of HUD to take foreclosure and collection action and have failed to establish true ownership and true

beneficial interest as the holder in due course act as foreclosure as required by Title 12 USC §3754.

128.    Defendants do not possess the unendorsed and unaltered original Promissory Note.

129.    Hence these mortgage and Promissory Notes contracts were ultra vires contracts and void ab initio.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that the Honorable Court issue Orders as follows:

A. Order  Rescissions of the entire Mortgage and Promissory Notes amounting to clear title to property with fixtures as a result of the aforementioned,

B. Order that Defendants are liable to Plaintiff in an amount not less than $200.00 and up to $2,000.00, for each violation after proven,

C. Damages as a result of the aforementioned violations, to be fixed and awarded by the Court in treble,

D. Damages for the Unfair and Deceptive Acts and Practices in the amount of $4000.00 for each violations after proven,

E. Damages in the amount of three times the interest paid and clear title to the property stemming from the usury, to be calculated,

F. Judgment against Defendants(s) for return of the down payment, and other payments, and interest paid on the above amount,

G. Judgment against the Defendants(s) for violation of Defendants' fiduciary duties to Plaintiff in an amount of not less than $1,000,000.00,

H. Cost of litigation as provided in Title 15 USC § 1601 et. seq., and

I. Revocation of any and all power of attorneys, duties or other alleged powers to act on behalf of Plaintiff, and

J. Any other relief the court deems just and proper under the circumstances.


Dated this _22_ day of August, 2008.

Sherryl L. Madison *without Recourse/Prejudice*
Plaintiff in Propria Persona   *UCC 1-308*

**VERIFICATION**

**STATE OF ARIZONA** )
)
**COUNTY OF MARICOPA** )

Sherryl Madison, being first duly sworn, upon her oath, deposes and states as follows: That she is the Plaintiff in the above-entitled and numbered matter; that she has read the foregoing Civil Complaint and knows the contents thereof, that the matters stated therein are true of her own knowledge except as those matters stated upon information and belief, and as to those matters she believes them to be true.

Sherryl L. Madison *without Recourse/ prejudice UCC 1-308*

SUBSCRIBED, SWORN TO, AFFIRMED AND ACKNOWLEDGED before me, the under-signed Notary Public, on this 2 7 day of August, 2008, by Sherryl L. Madison, known to me, or who has satisfactorily demonstrated to me that she is the above-named Plaintiff in this matter.

08/02/09
Notary Expiration Date

Signature of Notary Public

JESSENIA GARCIA
Notary Public, State of Arizona
Maricopa County
My Commission Expires
August 02, 2009

1

Litton Loan Servicing
C/o Corporation Service Co., Statutory Agent
2338 W. Royal Palm Rd., Ste. J

2

Phoenix, AZ 85021

3

U.S. Bank National/GSAMP 2006-HE6

4

C/o Servicer Litton Loan Servicing/Fidelity
C/o Fidelity National Foreclosure Solutions

5

1270 Northland Dr., St. 200
Mendota Heights, MN 55120

6

AMC Mortgage Services, Inc. /Argent Mortgage Co., LLC

7

638 N. 5th Ave.,
Phoenix, AZ 85003

8

Homecomings Financial Network, LLC

9

C/o Corporation Service Co., Statutory Agent
2338 W. Royal Palm Rd., Ste. J

10

Phoenix, AZ 85021

11

Mortgage Electronic Registration Systems, Inc.

12

48412 N. Black Canyon Highway, Ste. 356
New River, AZ 85087

13

GMAC

14

C/o Corporation Service Co., Statutory Agent
2338 W. Royal Palm Rd., Ste. J

15

Phoenix, AZ 85021

16

Indy Mac Bank, FSB

17

C/o Corporation Service Co., Statutory Agent
2338 W. Royal Palm Rd., Ste. J

18

Phoenix, AZ 85021

19

Community Lending Services, INC.
Lillian Johnson, Statutory Agent

20

305 S. 2nd Ave
Phoenix, AZ 85003

21

First Magnus Financial Corp.

22

C/o CT Corporation Systems, Statutory Agent
2394 E. Camelback Rd.

23

Phoenix, AZ 85016

24

25

Lehman Brothers & Lehman Brothers Holdings, INC
C/o Prentice-Hall Corporation System, Statutory Agent
2338 W. Royal Palm Rd., Ste. J
Phoenix, AZ 85021

Fremont Investment & Loan Company
C/o CT Corporation Systems, Statutory Agent
2394 E. Camelback Rd.
Phoenix, AZ 85016

Homeq Servicing, INC.
C/o CT Corporation Systems, Statutory Agent
2394 E. Camelback Rd.
Phoenix, AZ 85016

Unified Capital Group, INC.
C/o National Registered Agents, INC., Statutory Agent
13835 N. Tatum #9-130

Argent Mortgage Co., LLC
C/o National Registered Agents, INC., Statutory Agent
638 N. 5th Ave.,
Phoenix, AZ 85003

Washington Mutual Bank
7255 Bay Meadows Way
Mailstop: JAXA2000
Jacksonville, FL 32256