1    **WO**

2

3

4

5

6

7                    IN THE UNITED STATES DISTRICT COURT

8                        FOR THE DISTRICT OF ARIZONA

9

10   Sherryl L. Madison,                    )   No. 08-CV-1562-PHX-GMS
                                            )
11              Plaintiff,                  )   **ORDER**
                                            )
12   vs.                                    )
                                            )
13                                          )
     First Magnus Financial Corporation;)
14   Lehman Brothers Holdings, Inc.; GMAC )
     Mortgage, LLC; Transnational Financial)
15   Network, Inc.; Fremont Investment & )
     Loan Company; Homecomings Financial)
16   Network, LLC; US Bank National)
     Association; Fidelity National Foreclosure)
17   Solutions; AMC Mortgage Services, Inc.;)
     Unified Capital Group, Inc.; Community)
18   Lending Service, Inc.; Argent Mortgage)
     Company, LLC; Litton Loans; HomeEq)
19   Servicing Inc.; and Mortgage Electronic)
     Systems, Inc.,                         )
20                                          )
                Defendants.                 )
21   _____ )

22

23          Pending before the Court is: (1) the Motion to Dismiss the First Amended Complaint

24   of Defendant Fidelity National Foreclosure Solutions (Dkt. # 87); (2) the Motion to Dismiss

25   the First Amended Complaint, or, in the Alternative, Motion for a More Definite Statement

26   of Defendants U.S. Bank National Association, Litton Loan Servicing, HomEq Servicing,

27   and Mortgage Electronic Registration Systems (Dkt. # 89); (3) the Motion to Dismiss the

28   First Amended Complaint, or, in the Alternative, Motion for a More Definite Statement of

1 Defendants Fremont Investment & Loan Co. and Mortgage Electronic Registration Systems

2 (Dkt. # 88), which was joined by Defendants GMAC Mortgage and Homecomings Financial

3 (Dkt. # 94); and (4) the Motion to Dismiss the First Amended Complaint of Defendants

4 Argent Mortgage Company and AMC Mortgage Services (Dkt. # 96).  For the reasons set

5 forth below, the Court grants Defendants' motions to dismiss and grants Plaintiff leave to

6 replead.[1]

7                                    **BACKGROUND**

8        Plaintiff Sherryl Madison is an Arizona resident who allegedly owns[2] real property

9 in Arizona at the following addresses: (1) 24220 N. 53rd Avenue, Glendale, Arizona 85310;

10 (2) 522 E. Glendale Avenue, Phoenix, Arizona 85020; (3) 2302 E. Lincoln Drive, Phoenix,

11 Arizona 85016; (4) 16083 West Morning Glory Street, Goodyear, Arizona 85338; (5) 18607

12 N. 45th Drive, Glendale, Arizona, 85308; and (6) 7384 W. Utopia Road, Glendale, Arizona

13 85308.   In her First Amended Complaint ("FAC"), Plaintiff alleges that, "[b]etween

14 December 15, 2003 and July 2006, [she] refinanced and/or purchased [those properties]."

15 _____

16        [1]Defendants U.S. Bank National Association, Litton Loan Servicing, HomEq

17 Servicing, and Mortgage Electronic Registration Systems have requested oral argument.
(Dkt. # 89 at 1.)  The request is denied because the parties have thoroughly discussed the law

18 and the evidence, and oral argument will not aid the Court's decision.  *See Lake at Las Vegas*

19 *Investors Group, Inc. v. Pac. Malibu Dev.*, 933 F.2d 724, 729 (9th Cir. 1991) (finding denial
of a hearing not unfairly prejudicial where the party "had the opportunity to apprise the

20 district court of any arguments it believed supported its position" by filing a memorandum

21 of law and evidence).

22        [2]Defendants argue that Plaintiff lacks standing in this action as she is not the current
owner of the properties in question.  (Dkt. # 96 at 4.)  Although Plaintiff alleges in her First

23 Amended Complaint that she "is the Homeowner of the subject properties," (Dkt. # 81 ¶ 1),

24 in her responses to several of Defendants' motions Plaintiff states that, while she is not the
owner of the properties as alleged, she "has not conveyed 100% of her interest in any of [t]he

25 properties referred to in this action." (Dkt. # 118 at 10.)  Should Plaintiff elect to replead this

26 action, she is directed to plead facts supporting her interest in the subject properties,
sufficient on their face to support her standing to seek relief against Defendants.  *See Fleck*

27 *& Assocs., Inc. v. City of Phoenix*, 471 F.3d 1100, 1104 (9th Cir. 2006) (holding that
traditional standing rules require a plaintiff to allege "a threatened or actual distinct and

28 palpable injury to himself").

1   (Dkt. # 81 ¶ 14.) Plaintiff allegedly obtained financing related to the various properties from

2   various financial institutions in the amounts of $428,000.00, $176,000.00, $440,800.00,

3   $750,000.00, $261,250.00, $492,000.00, $637,000.00, and $975,000.00. The financing was

4   obtained pursuant to promissory notes secured by deeds of trust on each property.

5   Apparently, non-judicial trustee sales have or are being pursued in respect to all six of

6   Plaintiff's properties due to Plaintiff's default on her promissory notes.   Defendants consist

7   of the various financial/real estate institutions that were or are involved in some manner with

8   either the purchase, refinance, and/or the trustee sales of Plaintiff's properties.

9       On November 20, 2008, Plaintiff filed her FAC seeking recision of the promissory

10   notes executed in connection with the six properties and seeking damages from all

11   Defendants jointly and severally. (Dkt. # 81 at 62.) Plaintiff's FAC comprises 65 pages of

12   amorphous factual and legal allegations against seventeen party defendants[3] (eighteen[4]

13   according to paragraph 2).  The FAC additionally contains allegations and claims against

14   nine businesses labeled as "originators" (Dkt. # 1 at 4), three businesses labeled as "lenders"

15   (*id.* at 7), and nine businesses labeled as "trustees" (*id.* at 17) – none of whom have been

16   made parties to this action.

17       In the FAC, Plaintiff attempts to assert twenty-two causes of action, nine claims for

18   relief, and a claim entitled "Compelling Partition" against all entities named as "defendants,"

19   including those entities who are not parties to this lawsuit.  (*See id.* ¶¶ 36-205.)  Among the

20   claims asserted are allegations that Defendants violated various provisions of federal law,

21   including : (1) the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*; (2) the Real

22

23       [3]Of these seventeen defendants, Defendant IndyMac Bank, FSB was dismissed from
24   the action on March 12, 2009 (Dkt. # 141);  Defendant Washington Mutual Bank appears not
    to have been served; and the action against Defendant Lehman Brothers Holdings, Inc. has
25   been stayed pending bankruptcy proceedings (Dkt. # 142).

26       [4]In paragraph 2 of the FAC, Plaintiff lists both "Lehman Brother Bank" and Lehman
27   Brothers Holding, Inc. as defendants.  (Dkt. # 81 at 1).  While Defendant Lehman Brothers
    Holding, Inc. has been served as a defendant, "Lehman Brother Bank" has neither been
28   properly named or served in this action.

1   Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq.*; (3) the Fair Credit

2   Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*; and (4) the Home Ownership Equity

3   Protection Act ("HOEPA"), 15 U.S.C. § 1639 *et seq.* (Dkt. # 81 ¶¶ 158-73.)  Plaintiff also

4   asserts claims of fraudulent representation (*id.* ¶¶ 174-80), breach of fiduciary duty (*id.* ¶¶

5   181-85), unjust enrichment (*id.* ¶¶ 186-91), civil conspiracy (*id.* ¶¶ 192-97), and civil RICO

6   violations (*id.* ¶¶ 198-203).  Although not all Defendants are associated with each of

7   Plaintiff's properties, (*see id.* ¶¶ 26), Plaintiff has nevertheless alleged that each of the

8   defendants undertook the same wrongful conduct with respect to each of the six properties

9   and with respect to all twenty-two causes of action and nine claims for relief.  (*See, e.g.*, *id.*

10  ¶ 20 (alleging that "Collectively, the Defendants caused Plaintiff to sign documents without

11  disclosing the Waiver of Rights of Presentment and Notice of Dishonor . . .").)

12         In December of 2008, ten of the defendants moved for dismissal pursuant to Federal

13  Rule of Civil Procedure 12(b)(6), collectively arguing that dismissal is warranted due to

14  Plaintiff's failure to comply with Federal Rules of Civil Procedure 8, 9, and 10.

15                                    **DISCUSSION**

16  **I.     Federal Rules of Civil Procedure 8(a)(2) and 12(b)(6)**

17         To survive a dismissal for failure to state a claim pursuant to Rule 12(b)(6), a

18  complaint must contain more than a "formulaic recitation of the elements of a cause of

19  action"; it must contain factual allegations sufficient to "raise the right of relief above the

20  speculative level." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007).  "The pleading

21  must contain something more . . . than . . . a statement of facts that merely creates a suspicion

22  [of] a legally cognizable right of action." *Id.* (quoting 5 Charles Alan Wright & Arthur R.

23  Miller, *Federal Practice and Procedure* § 1216 (3d ed. 2004)).  While "a complaint need not

24  contain detailed factual allegations . . . it must plead 'enough facts to state a claim to relief

25  that is plausible on its face.'" *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th

26  Cir. 2008) (quoting *Twombly*, 127 S. Ct. at 1974).

27         Although "a complaint need not contain detailed factual allegations," *Clemens*, 534

28  F.3d at 1022, the Court will not assume that the plaintiff can prove facts different from those

                                        - 4 -

alleged in the complaint, *see Associated Gen. Contractors of Cal. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983); *Jack Russell Terrier Network of N. Cal. v. Am. Kennel Club, Inc.*, 407 F.3d 1027, 1035 (9th Cir. 2005).  Similarly, legal conclusions couched as factual allegations are not given a presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998).

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint generally must, at a minimum, satisfy the pleading requirements of Rule 8(a)(2). *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003).  Under Federal Rule of Civil Procedure 8(a)(2), a plaintiff is required only to set forth a "short and plain statement" of the claim showing that the plaintiff is entitled to relief and *giving the defendant fair notice of what the claim is and the ground upon which it rests*.  *See* Fed. R. Civ. P. 8(a)(2); *Conley v. Gibson*, 355 U.S. 41, 47 (1957); *Porter*, 319 F.3d at 494.  Additionally, under Rule 8(d), "each allegation must be simple, concise and direct." *See also* Fed. R. Civ. P. 10(b) (requiring "[a] party [to] state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances").

Defendants argue that the FAC "is not a 'short and plain statement' of the Claims, but a confusing rant setting forth sporadic allegations against, collectively, both . . . named defendants and approximately twenty . . . alleged defendants who are not parties to this action." (Dkt. # 96 at 5.)  Defendants characterize the FAC as "replete with verbosity," (Dkt. # 89 at 4), "nothing but conclusory," (*id.*), "utterly confused," (*id.* at 2), "incomprehensible," (Dkt. # 88 at 2), "factually ambigu[ous]," (*id.* at 3), and "virtually impenetrable" (*id.*). Despite Defendants' insistence that the FAC "does not serve to put defendants fairly on notice of the claims against them," (Dkt. # 88 at 5), Plaintiff "denies that her pleadings are so vague and ambiguous that Defendants cannot reasonably prepare a response." (Dkt. # 118 at 11.)

After careful review of the FAC, the Court finds that the FAC falls far short of satisfying the requirements of Rules 8 and 10.  The FAC does not "put defendants fairly on

1    notice of the claims against them" sufficient to survive a Rule 12(b)(6) motion to dismiss.

2    Plaintiff does not provide a "short and plain statement" for each claim.  Rather, the FAC is

3    verbose, amorphous, and conclusory, without presenting necessary facts in an understandable

4    context.

5         While Plaintiff recites numerous alleged statutory and regulatory violations, Plaintiff

6    fails to set forth factual allegations sufficient to support those violations at the pleading stage.

7    Defendants argue that "[t]he Complaint fails to set forth one specific factual allegation

8    against any of the Defendants in support of the Claims."  (Dkt. # 96 at 5.)  In Fact, the FAC

9    simply does not plead "enough facts to state a claim to relief that is plausible on its face."

10   *Clemens*, 534 F.3d at 1022.

11        Specifically, as Defendants argue, the "allegations of collective action and

12   undifferentiated acts simply make no sense in the context of separate loans on separate

13   properties by separate lenders, and do not inform each defendant of the specific acts that

14   [each defendant] is accused of."  (Dkt. # 88 at 3; *see also* Dkt. # 96 at 2 ("Each cause of

15   action re-alleges all prior allegations and refers to 'Defendants' without specifying whether

16   one, some, or all of the defendants is the target of the particular claim.").)  As a complaint

17   must give defendants fair notice of what a plaintiff's claims are and the grounds upon which

18   they rest, collective allegations are improper and Defendants here cannot decipher which

19   claims are reasonably asserted against each Defendant.  The FAC and Plaintiff's responses

20   to Defendants' motions make clear that not all Defendants are associated with each of

21   Plaintiff's properties and not all Defendants are even responsible for the various allegation

22   of  wrongful conduct.  Additionally, aggregation of all Defendants violates Rule 10(b)'s

23   mandate that "[a] party state its claims . . . in numbered paragraphs, *each limited as far as*

24   *practicable to a single set of circumstances*." (Emphasis added).

25   **II.     Federal Rule of Civil Procedure 9(b) – Allegations of Fraud**

26        Where a complaint includes allegations of fraud, Federal Rule of Civil Procedure 9(b)

27   requires the "party [to] state with particularity the circumstances constituting fraud or

28   mistake," Fed. R. Civ. P. 9(b), including an account of the "time, place, and specific content

1   of the false representations as well as the identities of the parties to the misrepresentations,"

2   *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004).  "Rule 9(b) does not

3   allow a complaint to merely lump multiple defendants together but require[s] plaintiffs to

4   differentiate their allegations when suing more than one defendant . . . and inform each

5   defendant separately of the allegations surrounding his alleged participation in the fraud."

6   *Swartz v. KPMG LLP*, 476 F.3d 756, 765 (9th Cir. 2007) (citation omitted).  "To comply

7   with Rule 9(b), allegations of fraud must be specific enough to give defendants notice of the

8   particular misconduct which is alleged to constitute the fraud charge so that they can defend

9   against the charge and not just deny that they have done anything wrong."  *Bly-Magee v.*

10  *California*, 236 F.3d 1014, 1019 (9th Cir. 2001).

11         Much of the Complaint is based on general allegations of fraud, even in cases where

12  fraud is not a necessary element of the Plaintiff's claim."  (Dkt. # 89 at 10.)  Rule 9 requires

13  a plaintiff to plead allegations of fraud with particularity.  Additionally, "[t]he Ninth Circuit

14  has held that allegations of predicate acts under RICO must comply with Rule 9(b)'s

15  specificity requirements."  *U.S. Concord, Inc. v. Harris Graphics Corp.*, 757 F. Supp. 1053,

16  1061 (N.D. Cal. 1991) (citing *Schreiber Distrib. Co. v. ServWell Furniture Co.*, 806 F.2d

17  1393, 1400-01 (9th Cir. 1986).  Aside from Plaintiff's repeated conclusory allegations that

18  Defendants engaged in fraudulent conduct (which purports to be the basis of Plaintiff's

19  conspiracy and RICO claims), Plaintiff failed to allege with any specificity the factual basis

20  for such fraud.   Consequently, the Complaint fails to state any valid claims for fraud,

21  conspiracy, or violations of RICO.

22         Because the FAC fails in several regards to satisfy the pleading requirements of

23  Federal Rules of Civil Procedure 8, 9, and 10, it is dismissed pursuant to Federal Rule of

24  Civil Procedure 12(b)(6).[5]

25

26         [5]Although Defendants First Magnus Financial Corporation, Transnational Financial
27  Network, Inc., Unified Capital Group, Inc., Lehman Brothers Holdings, Inc., and Community
28  Lending Services, Inc. did not file or join in a motion to dismiss, the FAC is nevertheless also
    dismissed against these nonmoving defendants as they are in a position similar to that of the

1  **III.    Leave to Amend**

2          The Court is not compelled to grant Plaintiff leave to amend if an amendment would

3  be futile.  *Bonanno v. Thomas*, 309 F.2d 320, 322 (9th Cir. 1962).  Although it is unclear

4  whether Plaintiff can cure the deficiencies in the FAC, the Court will grant Plaintiff ONE

5  more opportunity to replead her claims.  Should Plaintiff elect to replead, Plaintiff MUST:

6          (1) present all allegations in short, plain statements with each claim for relief

7          identified in separate numbered paragraphs and sections, each limited as far as

8          practicable to a single set of circumstances;

9          (2) specifically allege each legal right Plaintiff believes was violated, the specific

10         defendant(s) who violated the right, a sufficient factual context under *Twombly* to

11         give the defendant notice of what conduct or omission gives rise to the violation

12         (including how the defendant's conduct or omission is connected to the violation of

13         Plaintiff's rights), and the specific injury Plaintiff suffered because of that defendant's

14         conduct or omission;

15         (3) pursuant to Federal Rule of Civil Procedure 9, plead allegations of fraud with

16         specificity including the time, place, and specific conduct of EACH defendant

17         accused of fraud;

18         (4) otherwise cure the deficiencies noted in this Order.

19         If Plaintiff elects to file an amended complaint and fails to comply with the provisions

20  of this Order, the action will be dismissed pursuant to Federal Rule of Civil Procedure 41(b).

21  *See McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming the dismissal with

22  prejudice of a complaint that was "argumentative, prolix, replete with redundancy, and

23  largely irrelevant" and which failed to comply with Rule 8); *Nevijel v. North Coat Life Ins.*

24

25  ————————————

moving defendants. *Silverton v. Dep't of the Treasury*, 644 F.2d 1341, 1345 (9th Cir. 1981)

26  ("A District Court may properly on its own motion dismiss an action as to the defendants

27  who have not moved to dismiss where such defendants are in a position similar to that of
moving defendants or where claims against such defendants are integrally related."); *see also*

28  *Abagninin v. AMVAC Chemical Corp.*, 545 F.3d 733, 743 (9th Cir. 2008).

*Co.*, 651 F.2d 671, 673-74 (9th Cir. 1981) (affirming dismissal of an amended complaint that was "equally verbose, confusing, and conclusory as the initial complaint"); *Corcoran v. Yorty*, 347 F.2d 222, 223 (9th Cir. 1965) (affirming dismissal with prejudice of an amended complaint that was "so verbose, confused and redundant that its true substance, if any, [was] well disguised").

Plaintiff and her counsel are also warned that they may be subject to sanctions under Federal Rule of Civil Procedure 11,[6] including but not limited to an order to pay the entirety of Defendants' attorneys' fees incurred while seeking dismissal of the FAC and any subsequent pleading in this matter. *See Cook v. Peter Kiewit Sons Co.*, 775 F.2d 1030, 1036 (9th Cir. 1985) (holding that under Rule 11, a sanction may include attorneys' fees if a pleading is used for "improper purposes, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation").

**IV.    Defendants' Alternative Arguments Supporting Dismissal**

In addition to the arguments supporting dismissal already addressed by the Court, Defendants assert a series of other legal arguments supporting dismissal of certain parties

_____

[6]Federal Rule of Civil Procedure 11(b) states that by filing a pleading with the Court, an attorney or party certifies:

> that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>> (2) the claims . . . and other legal contentions are warranted by existing law or by nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

and/or claims.  Included within the motions are the following arguments: (1) Defendants Argent Mortgage Company, AMC Mortgage Services, Fidelity National Foreclosure Solutions, Litton Loans, and U.S. Bank argue that res judicata bars the relitigation of the claims against them because the State Court already granted motions dismissing these Defendants with prejudice in similar actions (*see* Dkt. # 87 at 4-5; 89 at 5-8; 96 at 7-8); (2) Defendants argue that TILA, RESPA, and the FCRA require that damage claims be brought within one year of the date the loan transaction is consummated, a requirement that is not met in this action (*see* Dkt. # 87 at 7-8; 89 at 8-9; 96 at 8-10); (3) Plaintiff lacks standing to seek recision under TILA or partition pursuant to Arizona law because she is not the current owner of the respective properties (*see* Dkt. # 89 at 14-15); (4) Plaintiff cannot maintain an action against Defendant HomEq Servicing, as HomEq Servicing is merely a tradename (*see* Dkt. # 89 at 15-16); and (5) Plaintiff fails to sufficiently allege a breach of fiduciary duty, unjust enrichment, conspiracy, and RICO claims (Dkt. # 89 at 12-13).  At this time, the Court declines to address these arguments as dismissal is proper on other bases.  Should Plaintiff elect to file a second amended complaint, Defendants may reassert these arguments, if necessary, in seeking dismissal.[7]

However, while the Court declines to rule on these alternative arguments, Plaintiff (and/or Plaintiff's counsel) are directed to review and conduct a reasonable inquiry into these alternative arguments.  After conducting a reasonable inquiry, Plaintiff is reminded that, should she then elect to reassert her claims, she or her counsel certify that "the claims . . . and other legal contentions are warranted by existing law or by nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law."  Fed. R. Civ. P. 11(b).

---

[7]Notably, Plaintiff's responses to many of Defendants' arguments were wholly inadequate.  Should Defendants reassert arguments with the Court at a later time, Plaintiff (and her counsel) are instructed to present their response arguments "specifically and distinctly . . . accompanied by reasons."  *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929-30 (9th Cir. 2003).

1    **V.     Improper Joinder under Federal Rule of Civil Procedure 20**

2         Federal Rule of Civil Procedure 20 provides:

3              Persons . . . may be joined in one action as defendants if: (A)
               any right to relief is asserted against them jointly, severally, or
4              in the alternative with respect to or arising out of the same
               transaction, occurrence, or series of transactions or occurrences;
5              and (B) any question of law or fact common to all defendants
               will arise in the matter.

6
7    Here Plaintiff has joined 17 financial/real estate institutions as defendants in the same action

8    and asserted each claim and cause of action against Defendants collectively.  While Plaintiff

9    apparently seeks an "Order of Final Judgment against all Defendants jointly and severally,"

10   (Dkt. # 81 at 62), Plaintiff may not circumvent the requirements of Rule 20 merely by

11   improperly pleading joint and several liability.  Although Plaintiff has asserted all claims

12   against all named defendants, including many which are not parties to this action,  the FAC

13   suggests that not all defendants committed the same wrongful conduct giving rise to

14   Plaintiff's claims, and not all defendants were even associated with all six of Plaintiff's

15   properties.  Consequently, it appears that Plaintiff will be unable to satisfy the requirements

16   of Federal Rule of Civil Procedure 20(a)(2)(A) by joining the defendants in a single action.

17        Federal Rule of Civil Procedure 21 addresses misjoinder of parties and allows the

18   Court "on its own" to sever the action so that joinder is proper.  *See* 7 C. Wright, A. Miller,

19   & M. Kane, *Federal Practice and Procedure* § 1657, at 428 (2d ed. 1990) ("More

20   commonly, Rule 21 has been invoked to sever parties improperly joined under Rule 20.").

21   Courts have broad discretion to sever under Rule 21.  *See Coleman v. Quaker Oats Co.*, 232

22   F.3d 1271, 1297 (9th Cir. 2000); *Maddox v. County of Sacramento*, No. 2:06-cv-0072-GEB-

23   EFB, 2006 WL 3201078, at *2 (E.D. Cal. Nov. 3, 2006).  The Court, however, is unable to

24   determine which defendants are associated with which of Plaintiff's properties sufficient to

25   permit informed severance of the action.  Consequently, should Plaintiff elect to replead,

26   Plaintiff is instructed to file one amended complaint that is composed in six subsections, each

27   subsection to contain the factual allegations and claims asserted with respect to each of

28   Plaintiff's six properties.  Each subsection must contain those allegations and claims against

1    only those defendants that have been associated with the respective property.  Additionally,

2    each subsection must independently satisfy the pleading requirements of Federal Rule of

3    Civil Procedure 8(a) such that the Court can sever the action if appropriate.

4    **VI.    Defendants' Motions to Strike**

5           On January 29, 2009, Plaintiff filed nine additional memoranda either supporting or

6    opposing many of the motions that were previously filed in this case.  (Dkt. ## 120-28.)

7    Specifically, Plaintiff filed: (1) five late reply memoranda (*see* Dkt. ## 121, 123, 126-28) in

8    support of two motions on which the Court had already ruled (*see* Dkt. # 113) – Plaintiff's

9    motions to supplement plaintiff list (Dkt. # 86) and defendant list (Dkt. # 93); and (2) four

10   late supplemental response memoranda (*see* Dkt. ## 120, 122, 124-25) to Defendants'

11   motions to dismiss (Dkt. ## 87-90) to which Plaintiff had already responded (*see* Dkt. ##

12   103-04, 110-11).  Consequently, several of the defendants filed motions to strike (Dkt. ##

13   130, 134, 139) the additional memoranda either because the Court had already ruled on the

14   relevant motions or because Plaintiff had already filed response memoranda.

15          Local Rules 7.2(c) and (d) permit a nonmoving party to file a single response

16   memorandum addressing an opposing party's motion and a moving party to file a single reply

17   memorandum addressing an opposing party's response memorandum.  Because Plaintiff did

18   not seek, nor was she granted leave to file supplemental briefs with the Court, Defendants'

19   motions to strike (Dkt. ## 130, 134, 139) are granted.  *See* L.R.Civ. 7.2(m) (allowing a

20   motion to strike "if it seeks to strike any part of a filing or submission on the ground that it

21   is prohibited (or not authorized) by statute, rule, or court order").

22

23          **IT IS THEREFORE ORDERED** that Defendants' Motions to Dismiss (Dkt. ## 87,

24   88, 89, 96) are **GRANTED**.

25          **IT IS FURTHER ORDERED** that Plaintiff's First Amended Complaint (Dkt. # 81)

26   is dismissed for failure to comply with Federal Rules of Civil Procedure 8, 9, and 10.

27          **IT IS FURTHER ORDERED** that on or before **March 31, 2009**, Plaintiff shall file

28   and serve: (1) a second amended complaint in compliance with this Order; or (2) a statement

that she abandons her claims.  Should Plaintiff elect not to file a second amended complaint, the Clerk of the Court is directed to **terminate** this matter without further order of the Court.

     **IT IS FURTHER ORDERED** that Defendants' motions to strike (Dkt. ## 130, 134, 139) are **GRANTED**.

     DATED this 19th day of March, 2009.

_____
G. Murray Snow
United States District Judge