1 **WO**

2
3
4
5
6

7                    IN THE UNITED STATES DISTRICT COURT
8                         FOR THE DISTRICT OF ARIZONA
9

10 | SHERRYL L. MADISON,              ) No. CV-08-1562-PHX-GMS
   |                                  )
11 |            Plaintiff,            ) **ORDER**
   |                                  )
12 | vs.                              )
   |                                  )
13 |                                  )
   | FIRST MANGUS FINANCIAL)
14 | CORPORATION; LEHMAN)
   | BROTHERS HOLDINGS, INC.;)
15 | MORTGAGE ELECTRONIC)
   | REGISTRATION SYSTEMS, INC.;)
16 | GMAC MORTGAGE, LLC;)
   | TRANSNATIONAL FINANCIAL)
17 | NETWORK, INC.; FREMONT)
   | INVESTMENT & LOAN COMPANY;)
18 | HOMECOMINGS FINANCIAL)
   | NETWORK, LLC; INDYMAC BANK,)
19 | FSB; US BANK NATIONAL)
   | ASSOCIATION; FIDELITY NATIONAL)
20 | FORECLOSURE SOLUTIONS; AMC)
   | MORTGAGE SERVICES, INC.;)
21 | UNIFIED CAPITAL GROUP, INC.;)
   | COMMUNITY LENDING SERVICE,)
22 | INC.; ARGENT MORTGAGE)
   | COMPANY, LLC; WASHINGTON)
23 | MUTUAL BANK; LITTON LOANS &)
   | HOMEEQ SERVICING, INC.,        )
24 |                                  )
   |            Defendants.           )
25 | _____  )

26

27        Pending before the Court are the Motion for Relief of Plaintiff Sherryl L. Madison

28 (Dkt. # 145) and the Motion to Withdraw of Attorney Robert R. Jung (Dkt. # 166).  For the

1  reasons set forth below, the Court grants Plaintiff's motion and conditionally grants Mr.
2  Jung's Motion to Withdraw.

**BACKGROUND**

4        Plaintiff Sherryl Madison is an Arizona resident who allegedly owns real property in
5  Arizona at the following addresses: (1) 24220 N. 53rd Avenue, Glendale, Arizona 85310; (2)
6  522 E. Glendale Avenue, Phoenix, Arizona 85020; (3) 2302 E. Lincoln Drive, Phoenix,
7  Arizona 85016; (4) 16083 West Morning Glory Street, Goodyear, Arizona 85338; (5) 18607
8  N. 45th Drive, Glendale, Arizona, 85308; and (6) 7384 W. Utopia Road, Glendale, Arizona
9  85308.   In her First Amended Complaint ("FAC"), Plaintiff alleged that, "[b]etween
10 December 15, 2003 and July 2006, [she] refinanced and/or purchased [those properties]."
11 (Dkt. # 81 ¶ 14.)  Plaintiff allegedly obtained financing related to the various properties in
12 the amounts of $428,000, $176,000, $440,800, $750,000, $261,250, $492,000, $637,000, and
13 $975,000 from various financial institutions.  The financing was obtained pursuant to
14 promissory notes secured by deeds of trust on each property. Apparently, non-judicial trustee
15 sales have or are being pursued in respect to all six of Plaintiff's properties due to Plaintiff's
16 default on her promissory notes.  Defendants consist of the various financial/real estate
17 institutions that were or are involved in some manner with either the purchase, refinance,
18 and/or the trustee sales of one or more of Plaintiff's properties.

19       Plaintiff filed her FAC on November 20, 2008, seeking recision of the promissory
20 notes executed in connection with the six properties and seeking damages from all
21 Defendants jointly and severally. (Dkt. # 81 at 62.) In the FAC, Plaintiff attempted to assert
22 twenty-two causes of action, nine claims for relief, and a claim entitled "Compelling
23 Partition" against all entities named as defendants. (*See id.* ¶¶ 36-205.) Among the claims
24 in the FAC were allegations that Defendants violated various provisions of the Truth in
25 Lending Act, 15 U.S.C. § 1601 *et seq.*, the Real Estate Settlement Procedures Act, 12 U.S.C.
26 § 2601 *et seq.*, the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*

27       On March 19, 2009, pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court
28 dismissed the FAC for Plaintiff's failure to comply with Federal Rules of Civil Procedure 8,

1  9, and 10. (Dkt. # 143.) Plaintiff was given the option to replead by March 31, 2009, in the
2  form of a second amended complaint. In the Order, the Court warned Plaintiff that should
3  she elect not to file a second amended complaint, the matter would be terminated. (*Id.* at 12-
4  13.) Plaintiff failed to file a second amended complaint by the March 31 deadline and the
5  matter was consequently terminated. On April 8, 2009, Plaintiff, despite being represented
6  by counsel, filed a pro se Motion for Relief from the March 19 Order pursuant to Federal
7  Rule of Civil Procedure 60(b)(6), claiming that she had been abandoned by her attorney.
8  (Dkt. # 145.) On April 21, 2009, pursuant to Local Rule of Civil Procedure 83.3(c)(2), the
9  Court, in its discretion, conducted a hearing to allow Ms. Madison to be heard,
10 notwithstanding that fact that she was still represented by counsel. At the hearing, Ms.
11 Madison reasserted her motion for relief and argued that the failure to file a second amended
12 complaint was a direct result of her attorney's conduct. (*See* Dkt. # 157.)

13 After the hearing was concluded, Ms. Madison filed a notice with the Court indicating
14 that she had previously filed a complaint against Mr. Jung with the Arizona State Bar. (Dkt.
15 # 165.) In her bar compliant, Ms. Madison indicated that she was seeking the removal of Mr.
16 Jung as her counsel. (*Id.* at 4.) Thereafter, on April 21, 2009, Mr. Jung filed a Motion to
17 Withdraw seeking leave of the Court to cease his representation of Ms. Madison. (Dkt. #
18 166.) On April 20, 2009, nearly three weeks after the Court's deadline for filing an amended
19 complaint, Ms. Madison filed a second amended complaint (Dkt. # 156) and six Notices of
20 Lis Pendens (Dkt. ## 159-64).

**DISCUSSION**

**I.  Federal Rule of Civil Procedure 60(b)(6)**

23 Federal Rule of Civil Procedure 60(b)(6) is a catchall provision that allows the district
24 court to grant relief from a judgment or order for "any other reason that justifies relief." Rule
25 60(b)(6) is "used sparingly as an equitable remedy to prevent manifest injustice" and "is to
26 be utilized only where extraordinary circumstances prevented a party from taking timely
27 action to prevent or correct an erroneous judgment." *United States v. Alpine Land &*
28 *Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993); *see also Cmty. Dental Servs. v. Tani*,

- 3 -

1  282 F.3d 1164, 1167 (9th Cir. 2002) (concluding that Rule 60(b)(6) is available in
2  "extraordinary circumstances" where the movant is able to show "both injury and
3  circumstances beyond his control that prevented him from proceeding with . . . the action in
4  a proper fashion").

5  Plaintiff argues that she is entitled to relief under this subsection due to her counsel's
6  gross negligence. She claims that her counsel's "neglect to file [a second amended
7  complaint] as directed by the court's March 19, 2009 order deprived [her] of her rights to
8  adequate and effective representation and risks her opportunity to present the facts of the
9  case."[1] (Dkt. # 145 at 3.)

10  In *Tani*, a defense attorney was found to have committed gross negligence when he
11  "abandoned his duties as an attorney" by failing to file papers, failing to oppose a motion to
12  strike his answer, and failing to attend hearings. *Tani*, 282 F.3d at 1171. These actions were
13  so egregious that they could not "be characterized as simple attorney error or mere neglect."
14  *Id.* (internal quotation marks omitted). The Court granted relief from a default judgment
15  entered against the defendant, holding that "where the client has demonstrated gross

---

[1] In her filings, Plaintiff continually refers to caselaw indicating that pro se litigants are not held to the same standards as attorneys. (*See, e.g.*, Dkt. # 145 at 3.) While the Court recognizes this point in the context of pleading, *see Hughes v. Rowe*, 449 U.S. 5, 9 (1980) ("It is settled law that the allegations of [a pro se plaintiff's] complaint, however inartfully pleaded are held to less stringent standards than formal pleadings drafted by lawyers.") (quotations omitted), Plaintiff is reminded that she is still subject to the same rules and limitations placed on attorneys and that she will not be granted immunity from the rules merely because she may be proceeding pro se in the future. *See Pagtalunan v. Galaza*, 291 F.3d 639, 640-43 (9th Cir. 2002) (holding that the district court did not err in dismissing a pro se plaintiff's habeas corpus petition for failing to comply with a court order); *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (holding that the district court did not err in dismissing a pro se plaintiff's civil rights complaint for failing to comply with a local rule); *United States v. Flewitt*, 874 F.2d 669, 675 (9th Cir. 1989) (stating that pro se litigants are subject to the same good faith limitations imposed on lawyers, as officers of the court); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986) ("Pro se litigants must follow the same rules of procedure that govern other litigants."); *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986) ("[P]ro se litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record.").

1 negligence on the part of his counsel, a default judgment against the client may be set aside
2 pursuant to Rule 60(b)(6)." *Id.* at 1169. The court noted that "judgment by default is an
3 extreme measure and a case should, whenever possible, be decided on the merits" and
4 therefore Rule 60(b), as applied to default judgments, is "remedial in nature and must be
5 liberally applied." *Id.* at 1169-70 (quotation and citations omitted).

6 While the Ninth Circuit has not explicitly extended the *Tani* holding beyond the
7 default judgment context, *see Latshaw v. Trainer Wortham & Co.*, 452 F.3d 1097, 1103 (9th
8 Cir. 2006) (declining to extend the holding of *Tani* to the context of Rule 68 judgments and
9 stating that "[o]ur decision in *Tani* was explicitly premised upon the default judgment context
10 of the case"), it has not expressly held whether the gross negligence standard may be
11 applicable in the context before this Court. In two recent unpublished cases, however, the
12 Ninth Circuit has extended the *Tani* holding to a non-default-judgment context.

13 In *Spates-More v. Henderson*, 305 F. App'x 449 (9th Cir. 2008), the Ninth Circuit
14 remanded a case in which the district court had failed to consider the gross negligence
15 standard and application of Rule 60(b)(6) to an order granting summary judgment on the
16 basis of the opposing party's non-opposition to the motion. Although the case did not
17 involve default judgment, it did involve a judgment predicated upon a basis similar to default
18 – "an innocent party is forced to suffer drastic consequences" due to the failure of the party
19 to properly prosecute or defend her case. *Tani*, 282 F.3d at 1170. The court noted that the
20 plaintiff's attorney had "effectively abandoned his client," noting that the attorney had:

21
22
23
24
> twice failed to file timely oppositions to motions to dismiss; did not return phone calls; did not attend a pre-trial meeting that a local rule required; did not file an opposition to summary judgment; did not move for relief from summary judgment until more than seventy days after judgment was entered; and told opposing counsel there was 'no point' in doing so.

*Henderson*, 305 F. App'x at 451. The Ninth Circuit concluded that "[i]t is unreasonable to
25 hold the client responsible for his acts in these circumstances. These failures went far
26 beyond simple attorney error and perhaps constituted gross negligence and extraordinary
27 circumstances sufficient to justify relief under 60(b)(6)." *Id.*
28

- 5 -

1       Likewise, in *Moore v. United States*, 262 F. App'x 828 (9th Cir. 2008), the Ninth 2 Circuit concluded that a district court "erred in denying relief under Rule 60(b)(6)" where 3 an attorney's gross neglect resulted in the granting of summary judgement based on the 4 defaulting party's failure to respond to the summary judgment motion. *Id.* at 829. The court 5 held that "the attorney 'virtually abandoned' the Moores in failing to respond to the motion 6 for summary judgment, even after being warned that such an omission would result in a 7 summary grant of the motion" and concluded that "the attorney abandoned his advocacy of 8 the Moores' cause and crossed the line into the 'gross negligence' we described in *Tani*." 9 *Id.*

10       Therefore, in *Tani*, *Henderson*, and *Moore*, the Ninth Circuit has sanctioned the 11 application of Rule 60(b)(6) where an attorney's gross neglect results in the ultimate 12 consequence – a judgment not predicated upon the actual merits of the case, but rather upon 13 the party's failure to prosecute or defend his case. *See also Shepard Claims Serv., Inc. v.* 14 *William Darrah & Assocs.*, 796 F.2d 190, 195 (6th Cir. 1986) ("Although a party who 15 chooses an attorney takes the risk of suffering from the attorney's incompetence, we do not 16 believe that this record exhibits circumstances in which a client should suffer the ultimate 17 sanction of losing his case without any consideration of the merits because of his attorney's 18 neglect and inattention.").

19       Like the attorneys in *Tani*, *Henderson*, and *Moore*, Plaintiff's attorney made numerous 20 errors while handling Plaintiff's case. Despite receiving notice of dismissal and knowledge 21 of the deadline for repleading the matter, Mr. Jung failed to properly inform his client of the 22 developments, failed to notify her when the deadline was imminent, failed to file a second 23 amended complaint despite assurances the he would do so, and even avoided corresponding 24 with Plaintiff after the deadline was missed. Nor did Mr. Jung file a motion for relief on 25 behalf of his client. His deficient representation resulted in the "ultimate sanction" against 26 Plaintiff – the loss of her ability to present the merits of her case – imposed not based upon 27 the merits of her case, but rather on her counsel's failure to file an amended complaint with 28 the Court.

1    Under the totality of the circumstances, Mr. Jung's conduct appears to meet the gross
2 negligence standard set forth in *Tani*, *Henderson*, and *Moore*. The record indicates that Mr.
3 Jung "virtually abandoned his client by failing to proceed with his client's [case]." *Tani*, 282
4 F.3d at 1170-71.  His deficient representation was intensified by his failure to apprise
5 Plaintiff of the developments in her case and by his representations that he would perform
6 his responsibilities as her counsel (*see* Dkt. # 145 Ex. A), thereby "depriving [Plaintiff] of
7 the opportunity to take action to preserve [her] rights," *Tani*, 282 F.3d at 1171.

8    Because the facts indicate that Plaintiff's failure to file a second amended complaint
9 resulted from her counsel's grossly negligent conduct, Plaintiff is entitled to relief, pursuant
10 to Rule 60(b)(6), from the judgment of the Court terminating her case.   Therefore,

11    **IT IS HEREBY ORDERED** that the Motion for Relief of Plaintiff Sherryl Madison
12 (Dkt. # 145) is **GRANTED**.

13    **IT IS FURTHER ORDERED** directing the Clerk of the Court to reopen this matter.

14    **IT IS FURTHER ORDERED** that because the Second Amended Complaint and
15 Notices of Lis Pendens filed on April 20, 2009, (Dkt. ## 156, 159-64), were untimely, and
16 because Plaintiff was represented by counsel at the time,  Plaintiff is directed to either file
17 a new second amended complaint or file notice that she adopts the Second Amended
18 Complaint which was improperly filed (Dkt. # 156), on or before **May 29, 2009**. Plaintiff
19 is reminded that, in doing so, she MUST otherwise comply with the Court's March 19, 2009
20 Order (Dkt. # 143).  Failure to do so may result in the dismissal of the action pursuant to
21 Federal Rule of Civil Procedure 41(b) and possibly sanctions pursuant to Federal Rule of
22 Civil Procedure 11.

23    **IT IS FURTHER ORDERED** that the Motion to Withdraw of Attorney Robert R.
24 Jung (Dkt. # 166) is **GRANTED** conditioned upon his compliance with Local Rule of Civil
25 Procedure 83.3(b). Given the circumstances surrounding Mr. Jung's representation and the
26 fact that Ms. Madison obviously seeks his removal, Mr. Jung need not obtain the written
27 approval of Ms. Madison.  However, because counsel failed to provide the current address
28 and telephone number of Ms. Madison in his Motion to Withdraw – as required under Local

Rule 83.3(b) – he is directed to provide that information to the Court by **May 1, 2009**, and timely serve the information upon all other parties or their attorneys.

**IT IS FURTHER ORDERED** directing Mr. Jung to mail a copy of this Order to Ms. Madison on or before **April 28, 2009**.

DATED this 27th day of April, 2009.

_____
G. Murray Snow
United States District Judge