**WO**

NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| SHERRYL L. MADISON, | ) | No. CV-08-1562-PHX-GMS |
| Plaintiff, | ) ) ) | **ORDER** |
| vs. | ) ) | |
| FIRST MAGNUS FINANCIAL CORPORATION, et al., | ) ) ) | |
| Defendants. | ) ) ) | |

Pending before the Court is the Application for Preliminary Injunction of Plaintiff Sherryl L. Madison. (Dkt. # 176.) Despite styling her motion as an Application for Preliminary Injunction, Plaintiff ultimately requests that the Court issue a temporary restraining order ("TRO") and an order to show cause as to why a preliminary injunction should not issue. (Dkt. # 176 at 6.)

Plaintiff is an Arizona resident who allegedly owns real property in Arizona at the following addresses: (1) 24220 N. 53rd Avenue, Glendale, Arizona 85310; (2) 522 E. Glendale Avenue, Phoenix, Arizona 85020; (3) 2302 E. Lincoln Drive, Phoenix, Arizona 85016; (4) 16083 West Morning Glory Street, Goodyear, Arizona 85338; (5) 18607 N. 45th Drive, Glendale, Arizona 85308; and (6) 7384 W. Utopia Road, Glendale, Arizona 85308. In her Second Amended Complaint ("SAC"), Plaintiff alleges that, at various times between April 2005 and June 2007, she either refinanced or purchased each of her six properties. The

financing was obtained from various financial institutions and was obtained pursuant to promissory notes secured by deeds of trust on each property. In the SAC, Plaintiff alleges that a non-judicial trustee sale has already been conducted on her property at 18607 N. 45th Drive (Dkt. # 181 ¶¶ 18-19), and her other properties are in the process of being subject to trustee sales (*id.* ¶¶ 10, 13, 22, 26, 29). Other than the allegations that her remaining properties are at risk, Plaintiff provides no indication or evidence that trustee sales have been scheduled or are otherwise imminent.

Plaintiff now requests that this Court "enjoin the Defendants from effectuating unlawful foreclosures to transfer title of Plaintiff's properties." (Dkt. # 176 at 1.) In support of her Application, Plaintiff filed a verified complaint in which she asserts twenty-two causes of action against all twenty-four named defendants and one claim of fraud against Defendants Warrick, Garcia, and Smart. Plaintiff has also filed certifications that she has mailed copies of the SAC and Application to the various defendants, many of whom have yet to be properly served. (Dkt. # 176 at 8-10.)

Federal Rule of Civil Procedure 65 authorizes the Court to issue a preliminary injunction or TRO upon a proper showing. The standard for issuing a TRO is the same as that for issuing a preliminary injunction. *See Brown Jordan Int'l, Inc. v. The Mind's Eye Interiors, Inc.*, 236 F. Supp. 2d 1152, 1154 (D. Haw. 2007). To prevail on a request for a preliminary injunction, a plaintiff must show either "(a) probable success on the merits combined with the possibility[1] of irreparable injury or (b) that [it] has raised serious questions going to the merits, and that the balance of hardships tips sharply in [its] favor." *Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003). The Ninth Circuit has explained that "these two alternatives represent 'extremes of a single continuum,' rather than two separate tests. Thus, the greater the relative hardship to the moving party, the less probability

---

[1] In *Winter v. Natural Res. Def. Council, Inc.*, the Supreme Court held that "the Ninth Circuit's 'possibility' standard is too lenient." 129 S. Ct. 365, 375 (2008). The Court stated that the "standard requires plaintiffs seeking preliminary relief to demonstrate that irreparable injury is *likely* in the absence of an injunction." *Id.* (citations omitted).

1  of success must be shown." *Immigrant Assistant Project of Los Angeles County Fed'n of Labor (AFL-CIO) v. INS*, 306 F.3d 842, 873 (9th Cir. 2002) (citation omitted).

In her Application, Plaintiff contends that "likelihood of success . . . is a matter of opinion and should be given minimal weight in the . . . test for injunctive relief." (Dkt. # 176 at 5.) However, the Supreme Court has repeatedly held that "a party seeking a preliminary injunction *must* demonstrate . . . a likelihood of success on the merits." *Munaf v. Geren*, 128 S. Ct. 2207, 2219 (2008) (emphasis added). Therefore, temporary injunctive relief will not be granted "unless the movant, *by a clear showing*, carries the burden of persuasion" on this point. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). After careful review of Plaintiff's SAC, it is apparent that Plaintiff has failed to cure many of the deficiencies that existed in her First Amended Complaint. With the exception of claim twenty-three, Plaintiff again asserts collective allegations of misconduct against all named defendants despite the fact that the majority of the defendants were only involved with one of Plaintiff's six properties and despite the fact that many of the defendants were not involved during the times in which Plaintiff either refinanced or purchased her properties. Given the deficiencies in the SAC, and given the fact that Plaintiff fails to advance any argument in her Application regarding her likelihood of success on the merits, Plaintiff has not carried her burden sufficient to warrant preliminary injunctive relief.

In addition to the requisite showing, a preliminary injunction may issue "only on notice to the adverse party." Fed. R. Civ. P. 65(a). A TRO may be granted without notice to the adverse party:

> only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

Fed. R. Civ. P. 65(b).

Here, despite claiming to have sent copies of the Application to Defendants by U.S. mail, Plaintiff presents no evidence suggesting that she has noticed all Defendants of her request for a TRO and preliminary injunction. Likewise, in the context of a TRO without notice, Plaintiff has not certified in writing the efforts made to notice Defendants or provided any reasons why notice should not be required. Nor has Plaintiff presented any specific facts showing that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition.

Because Plaintiff has failed to demonstrate that injunctive relief is proper,

**IT IS HEREBY ORDERED** that Plaintiff's Application for Restraining Order (Dkt. # 176) is **DENIED**.

DATED this 10th day of June, 2009.

G. Murray Snow
United States District Judge