1    **WO**

2    NOT FOR PUBLICATION

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                      FOR THE DISTRICT OF ARIZONA

8

9    SHERRYL L. MADISON,              )    No. CV-08-1562-PHX-GMS
                                      )
10              Plaintiff,            )    **ORDER**
                                      )
11   vs.                             )
                                      )
12                                    )
     FIRST   MAGNUS   FINANCIAL      )
13   CORPORATION, et al.,             )
                                      )
14              Defendants.           )
                                      )
15   _____)

16

17         Pending before the Court is the Motion for Temporary Restraining Order of Plaintiff

18   Sherryl L. Madison.[1] (Dkt. # 190.) On June 12, 2009, the Court conducted a hearing on the

     Motion. (*See* Dkt. # 191.)
19
           Plaintiff is an Arizona resident who allegedly owns real property in Arizona at the
20
     following addresses: (1) 24220 N. 53rd Avenue, Glendale, Arizona 85310; (2) 522 E.
21
     Glendale Avenue, Phoenix, Arizona 85020; (3) 2302 E. Lincoln Drive, Phoenix, Arizona
22
     85016; (4) 16083 West Morning Glory Street, Goodyear, Arizona 85338; (5) 18607 N. 45th
23
     Drive, Glendale, Arizona 85308; and (6) 7384 W. Utopia Road, Glendale, Arizona 85308.
24
     In her Second Amended Complaint ("SAC"), Plaintiff alleges that, at various times between
25
     April 2005 and June 2007, she either refinanced or purchased each of her six properties. The
26

27   _____

28         [1]On June 11, 2009, the day before Plaintiff filed the pending Motion, the Court denied
     a similar request for preliminary injunctive relief. (Dkt. # 186.)

financing was obtained from various financial institutions and was obtained pursuant to promissory notes secured by deeds of trust on each property. In the SAC, Plaintiff alleges that a non-judicial trustee sale has already been conducted on her property at 18607 N. 45th Drive (Dkt. # 181 ¶¶ 18-19), and her other properties are in the process of being subject to trustee sales (*id.* ¶¶ 10, 13, 22, 26, 29). Other than the allegations that her remaining properties are at risk, Plaintiff provides no indication or evidence that trustee sales have been scheduled or are otherwise imminent.

Plaintiff now requests that this Court "enjoin the Defendants from effectuating unlawful foreclosures to transfer title of Plaintiff's properties." (Dkt. # 190 at 2.) In support of her Motion, Plaintiff filed a verified complaint in which she asserts twenty-two causes of action against all twenty-four named defendants and one claim of fraud against Defendants Warrick, Garcia, and Smart. Plaintiff has also filed certifications that she has mailed copies of the Motion to the various defendants, many of whom have yet to be properly served. (Dkt. # 190 at 8-10.)

Federal Rule of Civil Procedure 65 authorizes the Court to issue a preliminary injunction or TRO upon a proper showing. The standard for issuing a TRO is the same as that for issuing a preliminary injunction. *See Brown Jordan Int'l, Inc. v. The Mind's Eye Interiors, Inc.*, 236 F. Supp. 2d 1152, 1154 (D. Haw. 2007). To prevail on a request for a preliminary injunction, a plaintiff must show either "(a) probable success on the merits combined with the possibility[2] of irreparable injury or (b) that [it] has raised serious questions going to the merits, and that the balance of hardships tips sharply in [its] favor." *Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003). The Ninth Circuit has explained that "these two alternatives represent 'extremes of a single continuum,' rather than two separate tests. Thus, the greater the relative hardship to the moving party, the less probability

---

[2]In *Winter v. Natural Res. Def. Council, Inc.*, the Supreme Court held that "the Ninth Circuit's 'possibility' standard is too lenient." 129 S. Ct. 365, 375 (2008). The Court stated that the "standard requires plaintiffs seeking preliminary relief to demonstrate that irreparable injury is *likely* in the absence of an injunction." *Id.* (citations omitted).

of success must be shown." *Immigrant Assistant Project of Los Angeles County Fed'n of Labor (AFL-CIO) v. INS*, 306 F.3d 842, 873 (9th Cir. 2002) (citation omitted).

In her Motion, Plaintiff contends that "likelihood of success . . . is a matter of opinion and should be given minimal weight in the . . . test for injunctive relief." (Dkt. # 190 at 6.) However, the Supreme Court has repeatedly held that "a party seeking a preliminary injunction *must* demonstrate . . . a likelihood of success on the merits." *Munaf v. Geren*, 128 S. Ct. 2207, 2219 (2008) (emphasis added). Therefore, temporary injunctive relief will not be granted "unless the movant, *by a clear showing*, carries the burden of persuasion" on this point. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). Because Plaintiff fails to advance any argument in her Motion regarding her likelihood of success on the merits, and for the reasons discussed on the record at the hearing, Plaintiff has not carried her burden sufficient to warrant preliminary injunctive relief.

In addition to the requisite showing, a TRO may be granted without notice to the adverse party:

> only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

Fed. R. Civ. P. 65(b).

Here, despite claiming to have sent copies of the Motion to Defendants by U.S. mail on the date the Motion was filed, Plaintiff presents no evidence suggesting that she has noticed all Defendants of her request for a TRO.[3] Likewise, in the context of a TRO without

---

[3]In her Motion, Plaintiff states:

> As clearly shown in the Motions and Affidavit attached hereto, if Defendants are allowed to proceed with aforementioned sale, Plaintiff would suffer immediate and irreparable harm before the adverse party could be heard in opposition; and the movant

- 3 -

notice, Plaintiff has not certified in writing the efforts made to notice Defendants or provided any reasons why notice should not be required. Nor has Plaintiff presented any specific facts showing that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse parties or their attorneys can be heard in opposition.

Because Plaintiff has failed to demonstrate that injunctive relief is proper:

**IT IS ORDERED** that Plaintiff's Motion for Temporary Restraining Order (Dkt. # 190) is **DENIED**.

DATED this 16th day of June, 2009.

_____
G. Murray Snow
United States District Judge

---

certifies in writing any efforts made to give notice and the reasons why it should not be required.

Despite claiming to have attached motions and an affidavit, however, no such documents were filed by Plaintiff.