**WO**

NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| SHERRYL L. MADISON, | No. CV-08-1562-PHX-GMS |
| Plaintiff, | **ORDER** |
| vs. | |
| FIRST MAGNUS FINANCIAL CORPORATION, et al., | |
| Defendants. | |

Pending before the Court are: (1) the Motions to Dismiss of Defendants Litton Loan Servicing and U.S. Bank National Association (Dkt. # 189), Defendants HomEq Servicing and Mortgage Electronic Registration Systems (Dkt. # 192), Defendant Washington Mutual Bank (Dkt. # 211), Defendants DHI Title of Arizona and Eva Espinoza (Dkt. # 214), and Defendant Sterling Mortgage (Dkt. # 225); (2) Defendants GMAC Mortgage, Homecomings Financial, and Executive Trustee Services joinder in the Motion to Dismiss of Defendants Fremont Investment & Loan and Mortgage Electronic Registration Systems (Dkt. # 215); (3) the Motions for Summary Disposition of Defendants DHI Title of Arizona and Eva Espinoza (Dkt. # 246) and Defendants HomEq Servicing (Dkt. # 251); (4) Defendants GMAC Mortgage, Homecomings Financial, and Executive Trustee Services joinder in the Motion for Summary Disposition of Defendants DHI Title of Arizona and Eva Espinoza (Dkt. #

248); and (5) the Motion for Protective Order of DHI Title and Eva Espinoza (Dkt. # 249). For the following reasons, the Court grants the motions.

**I.      Motions to Dismiss/Motions for Summary Disposition**

Local Rule 7.2(c) states that "[t]he opposing party shall . . . have ten (10) days after service in a civil or criminal case within which to serve and file a responsive memorandum." On July 22, 2009, the Court informed Plaintiff that she had failed to comply with Local Rule 7.2(c) and extended the time in which Plaintiff could respond to the motions filed by Defendants Litton Loan Servicing, U.S. Bank National Association, HomEq Servicing, Mortgage Electronic Registration Systems, Washington Mutual Bank, DHI Title of Arizona, Eva Espinoza, Sterling Mortgage, GMAC Mortgage, Homecomings Financial, and Executive Trustee Services, to and including August 7, 2009. (Dkt. # 231.) Plaintiff was warned that failure to file a response brief "may be deemed consent to the . . . granting of the motion and the Court may dispose of the motions summarily" (*id.* at 2), and this "could result in the dismissal of certain claims and defendants" (*id.*). Despite the warning and extension of time, Plaintiff failed to file responses to the motions.

Local Rule 7.2(i) provides that an unrepresented party's failure to respond to a motion "may be deemed consent to the . . . granting of the motion and the Court may dispose of the motion summarily." LRCiv 7.2(i); *see also Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (holding that a district court did not err in dismissing a pro se plaintiff's complaint for failing to comply with a local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (holding that a district court did not abuse its discretion in dismissing a pro se plaintiff's complaint for failing to comply with a court order). The Ninth Circuit has made clear that "[p]ro se litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986); *see also Jacobsen v. Filler*, 790 F.2d 1362, 1364-65 (9th Cir. 1986) (stating that pro se litigants should not be treated more favorably than parties represented by attorneys).

/ / /

/ / /

The Ninth Circuit has established

> a five-part test to determine whether the dismissal sanction is just: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.

*Valley Eng'rs Inc. v. Elec. Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998) (internal quotations omitted); *see also Ferdik*, 963 F.2d at 1260. However, "[t]his 'test' is not mechanical. It provides the district court with a way to think about what to do, not a set of conditions precedent for sanctions or a script that the district court must follow[.]" *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007). "[W]here a court order is violated, factors 1 and 2 support sanctions and 4 cuts against case-dispositve sanctions, so 3 and 5 . . . are decisive." *Valley Eng'rs*, 158 F.3d at 1057.

### Factor 3 – Risk of Prejudice to Defendants

Here, Defendants will be prejudiced by Plaintiff's ongoing refusal to respond to their motions to dismiss and failure to comply with the Court's orders. Defendants have expended significant amounts of time and finances to timely address Plaintiff's claims. Plaintiff's failure to respond, if permitted to continue, would only frustrate Defendants' efforts and cause them to incur additional expenses.

In the Second Amended Complaint ("SAC"), Plaintiff again asserts collective allegations of misconduct giving rise to twenty-two causes of action against all named defendants, despite the fact that the majority of the defendants were apparently involved with only one of Plaintiff's six properties and despite the fact that many of the defendants were not involved during the times in which Plaintiff either refinanced or purchased her properties. (*See* Dkt. # 181.) Plaintiff included collective allegations and claims in her SAC despite the Court's Order explaining why doing so is improper and despite the Court's explicit direction that she "specifically allege each legal right Plaintiff believes was violated, the specific defendant(s) who violated the right, a sufficient factual context under *Twombly* to give the defendant notice of what conduct or omission gives rise to the violation, . . . and the specific

- 3 -

injury Plaintiff suffered." (Dkt. # 143 at 8.) In that Order, the Court also warned Plaintiff that "[i]f [she] elects to file an amended complaint and fails to comply with the provisions of this Order, the action will be dismissed pursuant to Federal Rule of Civil Procedure 41(b)." (*Id.*)

In their Motions to Dismiss, Defendants seek dismissal with prejudice, arguing that dismissal is warranted because: (1) Plaintiff failed to comply with the Court's prior orders and the Federal Rules of Civil Procedure; (2) Plaintiff failed to state a claim upon which relief could be granted; (3) Plaintiff's claims are barred under the doctrine of claim preclusion; and (4) Plaintiff's claims are barred by the applicable statute of limitations. (Dkt. ## 189, 192, 211, 214, 215, 225.) These arguments are fairly and timely raised in this action and deserve a timely response by Plaintiff. The Court has been flexible in ensuring that Plaintiff has had an opportunity to plead her claims and be heard in response to Defendants' motions. To continue to permit Plaintiff to engage in delay and silence would be to significantly prejudice those defendants actively seeking to clarify and narrow this action.

Therefore, factor 3 weighs heavily in favor of dismissal.

**Factor 5 – Availability of Less Drastic Sanctions**

Factor 5 "involves consideration of three subparts: whether the court explicitly discussed alternative sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of dismissal." *Valley Eng'rs*, 158 F.3d at 1057. While less drastic sanctions may be available, they are not appropriate here. The Court has granted Plaintiff ample time to respond to Defendants' motions and has explicitly warned her that failure to do so could result in granting of the motion and "could result in the dismissal of certain claims and certain defendants." (Dkt. # 231 at 1-2.) Plaintiff nonetheless failed to respond or take any other action to prosecute her claims. Therefore, factor 5 weighs in favor of dismissal.

With four factors weighing in favor of dismissal and one factor weighing against, dismissal is appropriate here. *See, e.g.*, *Wystrach v. Ciachurski*, 267 F. App'x 606, 607-08 (9th Cir. 2008) (upholding dismissal under Local Rule 7.2(i) where the first three factors all

weighed in favor of dismissal); *Ghazali*, 46 F.3d at 53-54 (upholding summary dismissal of a pro se plaintiff's action for failure to follow the court's local rules).

**II.     Motion for Protective Order**

On June 15, 2009, Plaintiff noticed depositions on Defendants Monique Yabo, Eva Espinoza, Tony Smart, Latoiya Warrick, and Jessenia Garcia. (Dkt. ## 202-206.) On June 18, 2009, Defendants DHI Title, Eva Espinoza, and Monique Maldonado (formerly Monique Yabo) filed their objection to the notices and moved to quash the subpoenas. (Dkt. # 210.) On August 3, 2009, the Court granted the motion to quash reminding Plaintiff that she "is not entitled to engage in premature discovery." (Dkt. # 241 at 3.)

Nevertheless, on July 31, 2009, Plaintiff again noticed depositions on Defendants Monique Yabo and Eva Espinoza. (Dkt. ## 242-43.) Despite attempts by Defendants DHI Title of Arizona and Eva Espinoza to convince Plaintiff to withdraw the deposition notices, as of August 17, 2009, Plaintiff has failed to do so. Therefore, Defendants DHI Title, Eva Espinoza, and Monique Maldonado (formerly Monique Yabo) again file their objection to the deposition notices and move for a protective order pursuant to Federal Rule of Civil Procedure 26(c). (Dkt. # 249.)

Federal Rule of Civil Procedure 26(d)(1) states that "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized by these rules, by stipulation, or by court order." As previously noted, none of the exceptions to the general rule apply. Rule 26(c)(1) permits parties or persons from whom discovery is sought to "move for a protective order . . . to protect a party or person from annoyance, embarrassment, oppression, or under burden or expense." Pursuant to this rule, Defendants DHI Title, Eva Espinoza, and Monique Maldonado have filed certification that they have in good faith conferred with Plaintiff in an effort to have Plaintiff withdraw the deposition notices. Nevertheless, Plaintiff has failed to do so. Therefore, the Motion for a Protective Order is granted.

/ / /

/ / /

**CONCLUSION**

Having considered the motions pending before the Court:

**IT IS HEREBY ORDERED** that the Motions for Summary Disposition of Defendants DHI Title of Arizona and Eva Espinoza (Dkt. # 246) and Defendant HomeEq (Dkt. # 251) are **GRANTED**.

**IT IS FURTHER ORDERED** that the Motions to Dismiss of Defendants Litton Loan Servicing and U.S. Bank National Association[1] (Dkt. # 189); Defendants HomEq Servicing and Mortgage Electronic Registration Systems (Dkt. # 192); Defendant Washington Mutual Bank (Dkt. # 211); Defendants DHI Title of Arizona and Eva Espinoza (Dkt. # 214); Defendant Sterling Mortgage (Dkt. # 225), and Defendants GMAC Mortgage, Homecomings Financial, and Executive Trustee Services (Dkt. # 215) are **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants Litton Loan Servicing, U.S. Bank National Association, HomEq Servicing, Mortgage Electronic Registration Systems, Washington Mutual Bank, DHI Title of Arizona, Eva Espinoza, Sterling Mortgage, GMAC Mortgage, Homecomings Financial, and Executive Trustee Services are **DISMISSED WITH PREJUDICE**.[2]

---

[1] In their Motion, in addition to seeking dismissal, Defendants Litton Loan Servicing and U.S. Bank National Association seek an order expunging the May 29, 2009 Notice of Lis Pendens filed by Plaintiff. (*See* Dkt. # 189 at 1, 17.) The request for an order expunging the May 29, 2009 Notice of Lis Pendens is denied without prejudice because, contrary to Defendants' suggestion to the contrary, the litigation involving the property located at 18607 N. 45th Drive, Glendale, Arizona is still pending against Defendants Tony Smart, Argent Mortgage Company, and AMC Mortgage Services. Should Defendants have a legal basis authorizing this Court to presently grant their request, they are free to file a new motion setting forth the legal basis supporting their request. Otherwise, Defendants may reassert their request once the litigation has been terminated with respect to all relevant parties.

Additionally, Defendants seek sanctions against Plaintiff pursuant to Federal Rule of Civil Procedure 11. (*Id.*) However, Defendants fail to set forth any argument in their motion as to how Plaintiff's filings were presented for any improper purpose or otherwise violated Rule 11. Therefore, their request for sanctions is denied.

[2] In their Joinder, in addition to seeking their own dismissal, Defendants GMAC Mortgage, Homecomings Financial Services, and Executive Trustee Services seek the

**IT IS FURTHER ORDERED** that the Motion for a Protective Order of Defendants DHI Title of Arizona and Eva Espinoza (Dkt. # 249) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff may not conduct discovery involving Defendants Eva Espinoza and Monique Maldonado, including depositions scheduled for August 26, 2009, until the parties have conferred as required by Rule 26(f) or otherwise stipulate.

**IT IS FURTHER ORDERED** that Plaintiff show cause as to why she should not be required to pay Defendant DHI Title of Arizona and Eva Espinoza's reasonable expenses incurred in making their motion for a protective order. Plaintiff shall file a memorandum doing so before **5:00 P.M.** on **AUGUST 31, 2009**. *See* Fed. R. Civ. P. 37(a)(5).

**IT IS FURTHER ORDERED** that Defendants DHI Title of Arizona and Eva Espinoza shall otherwise comply with Local Rule 54(d) before **5:00 P.M.** on **AUGUST 31, 2009**.

DATED this 19th day of August, 2009.

_____
G. Murray Snow
United States District Judge

---

dismissal of Lehman Brothers Holdings, Inc. (Dkt. # 215.) The Second Amended Complaint, however, does not name Lehman Brothers Holdings as a defendant. (*See* Dkt. # 181.) Therefore, the request is denied as moot.