**WO**

NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| SHERRYL L. MADISON, | ) | No. CV-08-1562-PHX-GMS |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| FIRST MAGNUS FINANCIAL CORPORATION, et al., | ) | |
| Defendants. | ) | |

Pending before the Court is the Motion to Dismiss of Defendants AMC Mortgage Services ("AMC") and Argent Mortgage Company ("Argent"). (Dkt. # 209.) For the reasons set forth below, the Court grants the motion.

Plaintiff is an Arizona resident who allegedly owns real property in Arizona at the following addresses: (1) 24220 N. 53rd Avenue, Glendale, Arizona 85310; (2) 522 E. Glendale Avenue, Phoenix, Arizona 85020; (3) 2302 E. Lincoln Drive, Phoenix, Arizona 85016; (4) 16083 West Morning Glory Street, Goodyear, Arizona 85338; (5) 18607 N. 45th Drive, Glendale, Arizona 85308; and (6) 7384 W. Utopia Road, Glendale, Arizona 85308. In her Second Amended Complaint ("SAC"), Plaintiff alleges that, at various times between April 2005 and June 2007, she either refinanced or purchased each of her six properties. The

financing was obtained from various financial institutions pursuant to promissory notes secured by deeds of trust on each property. The only specific factual allegations appearing in the SAC involving AMC or Argent are in paragraph 16 where Plaintiff explains how the executed promissory note on her 18607 N. 45th Drive property was "later transferred from Argent Mortgage Company to AMC Mortgage Services." (Dkt. # 181 ¶ 16.) On June 18, 2009, Defendants AMC and Argent moved to dismiss the SAC pursuant to Federal Rules of Civil Procedure 12(b)(6) and 41(b), arguing that the SAC: (1) fails to state a claim upon which relief can be granted; (2) violates the Court's March 19, 2009, Order; (3) fails to comply with Federal Rules of Civil Procedure 8-10; and (4) is barred by the doctrine of claim preclusion. (Dkt. # 209 at 4.)

In their motion, Defendants spend their entire brief arguing that the SAC is defective and merits dismissal with prejudice. (*Id.* at 4-13.) Plaintiff's response, however, utterly fails to address any of the arguments raised by Defendants. Rather, Plaintiff argues only that her allegations of fraud are pled with particularity. (Dkt. # 228 at 2-4.) In doing so, Plaintiff, rather than pointing to relevant factual allegations in the SAC, points only to declaration testimony from another defendant whom Plaintiff does not even allege worked for AMC or Argent. (*Id.* at 3-4.)

The Ninth Circuit has made clear that "[p]ro se litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986); *see also Jacobsen v. Filler*, 790 F.2d 1362, 1364-65 (9th Cir. 1986) (stating that pro se litigants should not be treated more favorably than parties represented by attorneys). Plaintiffs' response is wholly insufficient to constitute an argument before this Court. "Our circuit has repeatedly admonished that we cannot manufacture arguments [for a party] . . . . Rather, we review only issues which are argued *specifically and distinctly . . . .*" *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) (internal quotations omitted and emphasis added). Moreover, "[w]e require contentions to be accompanied by *reasons*." *Id.* at 930 (emphasis added). If an argument is not properly argued and explained, the argument is waived. *See* LRCiv 7.2(i), (b), (c); *Indep. Towers*, 350 F.3d at 929-30

(holding that a party's argument was waived because "[i]nstead of making legal arguments," the party simply made a "bold assertion" of error, with "little if any analysis to assist the court in evaluating its legal challenge"); *Hibbs v. Dep't of Human Res.*, 273 F.3d 844, 873 n.34 (9th Cir. 2001) (finding that an assertion of error was "too undeveloped to be capable of assessment" and thus waived); *Currie v. Maricopa County Cmty. College Dist.*, No. CV-07-2093, 2008 WL 2512841, at *2 n.1 (D. Ariz. June 20, 2008) ("Plaintiff does not respond to this argument, and her failure to do so serves as an independent basis upon which to grant [the] motion[.]") (citing LRCiv 7.2(i)); *EEOC v. Eagle Produce, L.L.C.*, No. CV-06-1921, 2008 WL 2796407, at *2 (D. Ariz. July 18, 2008) ("Parties must come forward with their points and authorities in support of or in opposition to a motion.") (citing LRCiv 7.2(b), (c)).

The Ninth Circuit has established

> a five-part test to determine whether the dismissal sanction is just: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.

*Valley Eng'rs Inc. v. Elec. Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998) (internal quotations omitted); *see also Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992). To the extent the Court's approach could be construed as a dismissal sanction, the Court has considered these factors and finds dismissal appropriate.

Here, factors one and two clearly weigh in favor of dismissal and factor four weighs against dismissal. Therefore, factors three and five are determinative.

**Factor Three – Risk of Prejudice to Defendants**

In this case, Defendants will be prejudiced by Plaintiff's ongoing refusal to appropriately respond to their motion to dismiss. Defendants have expended significant amounts of time and finances to timely address Plaintiff's claims on multiple occasions. Plaintiff's failure to respond, if permitted to continue, would only frustrate Defendants' efforts and cause them to incur additional expenses. Defendants' arguments are fairly and timely raised in this action and deserve a fair response by Plaintiff. The Court has been

1 | flexible in ensuring that Plaintiff has had an opportunity to plead her claims and be heard in
2 | response to Defendants' motions. To continue to permit Plaintiff to engage in delay and
3 | silence would be to significantly prejudice Defendants, who are actively seeking to clarify
4 | and narrow this action.

Therefore, factor three weighs heavily in favor of dismissal.

### Factor Five – Availability of Less Drastic Sanctions

Factor 5 "involves consideration of three subparts: whether the court explicitly discussed alternative sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of dismissal." *Valley Eng'rs*, 158 F.3d at 1057. While less drastic sanctions may be available, they are not appropriate here. The Court has granted Plaintiff ample time to appropriately respond to Defendants' motion and has explicitly warned her on several occasions that failure to respond could result in the dismissal of certain claims and certain defendants. While Plaintiff did file a response brief, it is entirely unresponsive to Defendants' motion. Therefore, factor five weighs in favor of dismissal.

With four factors weighing in favor of dismissal and one factor weighing against, dismissal is appropriate here. *See, e.g.*, *Wystrach v. Ciachurski*, 267 F. App'x 606, 607-08 (9th Cir. 2008) (upholding dismissal under Local Rule 7.2(i) where the first three factors all weighed in favor of dismissal); *Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (upholding summary dismissal of a pro se plaintiff's action for failure to follow the court's local rules).

Even if the Court were to reach the merits of Defendants' arguments, it is apparent that they are entitled to dismissal on several bases. Most notably, despite asserting each of her more that twenty claims against all of the named defendants, Plaintiff has only included a single factual allegation involving AMC and Argent, an allegation involving no wrongdoing on the part of these defendants, and which cannot support any of her claims. On March 19, 2009, upon dismissing Plaintiff's First Amended Complaint, the Court instructed Plaintiff precisely what she needed to do in amending her First Amended Complaint. (*See*

Dkt. # 143 at 8-9.) Despite this instruction, Plaintiff again failed to properly plead any claims against Defendants AMC and Argent. Consequently, dismissal is appropriate.[1]

**IT IS THEREFORE ORDERED** that the Motion to Dismiss of Defendants AMC and Argent (Dkt. # 209) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants AMC Mortgage Services and Argent Mortgage Company are **DISMISSED WITH PREJUDICE**.

**DATED this 31st day of August, 2009.**

_____
G. Murray Snow
United States District Judge

---

[1] Defendants AMC and Argent move for sanctions against Plaintiff pursuant to Federal Rule of Civil Procedure 11. (Dkt. # 209 at 13.) However, Defendants fail to set forth any argument in their motion as to how Plaintiff's SAC was presented for any improper purpose or otherwise violated Rule 11. Therefore, their request for sanctions is denied.