**WO**

NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| SHERRYL L. MADISON, | No. CV-08-1562-PHX-GMS |
| Plaintiff, | **ORDER** |
| vs. | |
| FIRST MAGNUS FINANCIAL CORPORATION, et al., | |
| Defendants. | |

Pending before the Court is the Motion to Dismiss of Defendants IndyMac Bank and IndyMac Federal Bank. (Dkt. # 188.) For the reasons set forth below, the Court grants the motion.

Plaintiff is an Arizona resident who allegedly owns real property in Arizona at the following addresses: (1) 24220 N. 53rd Avenue, Glendale, Arizona 85310; (2) 522 E. Glendale Avenue, Phoenix, Arizona 85020; (3) 2302 E. Lincoln Drive, Phoenix, Arizona 85016; (4) 16083 West Morning Glory Street, Goodyear, Arizona 85338; (5) 18607 N. 45th Drive, Glendale, Arizona 85308; and (6) 7384 W. Utopia Road, Glendale, Arizona 85308. In her Second Amended Complaint ("SAC"), Plaintiff alleges that, at various times between April 2005 and June 2007, she either refinanced or purchased each of her six properties. The

financing was obtained from various financial institutions pursuant to promissory notes secured by deeds of trust on each property.

Defendant IndyMac Bank is a financial institution that allegedly was or is involved in some manner with either the purchase, refinance, and/or the trustee sales of one or more of Plaintiff's properties. On July 11, 2008, the Office of Thrift Supervision closed Defendant IndyMac Bank due to concerns over its financial viability. Consequently, substantially all of IndyMac's assets were transferred to a new institution – IndyMac Federal Bank. The Office of Thrift Supervision appointed the Federal Deposit Insurance Corporation ("FDIC") conservator of IndyMac Federal Bank.

On December 8, 2008, Defendant IndyMac Bank moved pursuant to the Financial Institutions Reform, Recovery and Enforcement Act of 1989, 12 U.S.C. § 1821(d)(12) ("FIRREA"), to dismiss the First Amended Complaint on grounds that the district court lacks jurisdiction over claims against failed banks where the administrative claims procedures enacted by FIRREA have not been exhausted. On March 12, 2009, the Court dismissed Defendant IndyMac Bank without prejudice because Plaintiff "failed to sufficiently plead or otherwise demonstrate exhaustion of the administrative procedure required under" the Financial Institutions Reform, Recovery and Enforcement Act of 1989, 12 U.S.C. § 1821(d)(12) ("FIRREA"). (Dkt. # 141 at 6.) Plaintiff, however, reasserted her claims against IndyMac Bank in her SAC. (Dkt. # 181.) Consequently, Defendant IndyMac Bank again moves for dismissal on the same grounds. (*Id.* at 3.)

In her response brief, Plaintiff states that exhausted the administrative procedure under FIRREA because, on March 10, 2008, she "delivered [a] qualified written request for proof of the alleged debt and notification that she disputed the transaction." (Dkt. # 245 at 2.) Plaintiff, however, failed to plead facts supporting exhaustion in her SAC and otherwise fails to provide any evidence supporting her assertion. Even if true, however, delivering a qualified written request for proof of the alleged debt and notification that she disputed the transaction does not constitute exhaustion of the administrative procedure under FIRREA.

12 U.S.C. § 1821(d)(13)(D) provides:

> Except as otherwise provided in this subsection, no courts shall have jurisdiction over–
> (i) any claim or action for payment from, or any action seeking a determination of rights with respect to, the assets of any depository institution for which the Corporation has been appointed receiver, including assets which the Corporation may acquire from itself as such receiver; or
> (ii) any claim relating to any act or omission of such institution or the Corporation as receiver.

"Jurisdiction over claims covered by section 1821(d)(13)(D) is 'otherwise provided' in § 1821 only after completion of the claims procedures outlined in §§ 1821(d)(6)(A) and (d)(8)(C)." *Feise v. Resolution Trust Corp.*, 815 F. Supp. 344, 346 (E.D. Cal. 1993) ("The language 'except as otherwise provided' indicates that Congress expressly withdrew jurisdiction from courts over any claim to a failed institution's assets made outside the statutory claims procedure."); *see also McCarthy v. F.D.I.C.*, 348 F.3d 1075, 1078 (9th Cir. 2003) ("The phrase 'except as otherwise provided in this subsection' refers to a provision that allows jurisdiction after the administrative claims process has been completed.").

> The effect of these provisions, read together, is to require anyone bringing a claim against or seeking a determination of rights with respect to the assets of a failed bank held by the FDIC as receiver to first exhaust administrative remedies by filing an administrative claim under the FDIC's administrative claims process. As the First Circuit explained, "FIRREA makes participation in administrative claims review process mandatory for all parties asserting claims against failed institutions," and "where a claimant has . . . failed to initiate an administrative claim within the filing period, the claimant necessarily forfeits any right to pursue a claim against the failed institution's assets in any court." *Marquis v. F.D.I.C.*, 965 F.2d 1148, 1151-52 (1st Cir. 1992) (citation omitted). Section 1821(d)(13)(D) thus acts as a jurisdictional bar to claims or actions by parties who have not exhausted their § 1821(d) administrative remedies.

*Freeman v. F.D.I.C.*, 56 F.3d 1394, 1400 (9th Cir. 1995) (quotation omitted). A plaintiff "must first file a claim with [the failed institution] before a claimant can file suit in district court." *Resolution Trust Corp. v. Flanagan*, 24 F.3d 248, *2 (9th Cir. 1994).

Here, Plaintiff's alleged qualified written request was filed months before the Office of Thrift Supervision even closed Defendant IndyMac Bank. Thus, as this Court has before stated, even assuming its contents were sufficient to meet the requirements of a claim, its submission to IndyMac months before IndyMac was placed into receivership did not qualify

1 with the statutory requirement that claims be made against the Federal Deposit Insurance
2 Corporation as IndyMac's receiver. The FDIC is now resolving claims against IndyMac
3 through its administrative process. This court is not part of that process. The claim in this
4 court is thus, at best, premature and is dismissed.

5 In the motion, Defendant IndyMac Federal also moves for dismissal pursuant to
6 Federal Rule of Civil Procedure 12(b)(6) arguing that the SAC fails to state a claim against
7 it because it did not come into existence until after the transactions which form the basis of
8 the SAC occurred.[1] (*Id.* at 3.) Defendant IndyMac Federal points out that it came into
9 existence after all of the relevant factual allegations in the SAC had already occurred. (*Id.*
10 at 5.) Indeed, in her SAC, Plaintiff failed to assert any factual allegations supporting liability
11 on the part of IndyMac Federal. Plaintiff fails to respond to this argument in her first
12 responsive brief. (*See* Dkt. # 245.) However, in her improperly filed second responsive brief
13 (Dkt. # 247), Plaintiff states that IndyMac Federal "assumes all the rights and obligations .
14 . . for IndyMac[] [Bank's] participation . . . involving Plaintiff's property." (*Id.* at 3.)
15 Plaintiff, however, provides no factual or legal authority for her contention. And makes no
16 response to IndyMac Federal's contrary assertions. Even if this were true, however, because
17 this Court lacks subject matter jurisdiction over the claims against Defendant IndyMac Bank,
18 Plaintiff is precluded from pursuing any such derivative liability against Defendant IndyMac
19 Federal.

20 Because Plaintiff failed to sufficiently plead or otherwise demonstrate exhaustion of
21 the administrative procedure required under FIRREA, this Court does not presently have
22 jurisdiction over Plaintiff's claims asserted against Defendant IndyMac Bank and
23 derivatively against Defendant IndyMac Federal Bank.

---

[1]Defendants alternatively argue that Plaintiff's fraudulent concealment claim (claim 23) should be dismissed for failure to plead the claim with particularity pursuant to Federal Rule of Civil Procedure 9(b). (Dkt. # 188 at 6.) However, because dismissal is warranted on other grounds, the Court declines to reach the merits of Defendants' Rule 9(b) arguments.

**IT IS THEREFORE ORDERED** that the Motion to Dismiss of Defendants IndyMac Bank and IndyMac Federal Bank (Dkt. # 188) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants IndyMac Bank and IndyMac Federal bank are **DISMISSED WITHOUT PREJUDICE**.

DATED this 8th day of September, 2009.

_____
G. Murray Snow
United States District Judge