```
                  ✓ FILED      ___ LODGED
                  ___ RECEIVED ___ COPY

                       JUN 21 2011

                  CLERK U S DISTRICT COURT
                    DISTRICT OF ARIZONA
                  BY _____ M DEPUTY
```

1  SHERRYL L. MADISON
   20280 North 59th Avenue #115-217
2  Glendale, Arizona [85308]

3  602 741-0891

4

5              UNITED STATES DISTRICT COURT

6                  DISTRICT OF ARIZONA

7

8  In the Matter of:                        Case No.: CV2008-01562 –GMS

9  Sherryl Madison
                                            REQUEST PERMISSION TO FILE APPEAL
10         Plaintiff,                       OUT OF TIME

11  Vs
                                            (assigned to the Hon. G. Murray Snow)
12  First Magnus Financial Corporation, et. al.

13

14         Defendants.

15

16         **COMES NOW**, Plaintiff Sherryl Madison and hereby moves this honorable court for permission to

17  file her Notice of Appeal out of time or in the alternative reinstate Mortgage Electronics Registration

18  Systems (MERS), Washington Mutual Bank, NA, GMAC Mortgage, LLC and U.S. Bank National

19  pursuant to Federal Rule 60 (c) (2) newly discovered information.

20         Plaintiff submits the attached schedule of events in support of her request for this honorable

21  court's perusal. *See Exhibit A.*

22         Plaintiff has been cautioned by the court against further filings prior to the Stay being lifted such

23  that this case may proceed. Due to the events referred to in the attached schedule including the Bankruptcy

24  filing and subsequent stay of this case, Plaintiff was unable to file her Motion for Consideration or Notice

25  of Appeal. The Stay of this proceeding in conjunction with the simultaneous lifting of the Bankruptcy

26  stay, left Plaintiff no adequate remedy at law. Plaintiff was unable to maintain the Bankruptcy stay as

27  Judge Curly lifted the stay on each property over a period of four months to allow the District Court case to

28

proceed. The various Defendants immediately continued with forcible detainer proceedings which left Plaintiff unable to protect her interests in the properties.

Plaintiff had not yet filed a Motion for Reconsideration or Notice of Appeal regarding the Dismissals with Prejudice of certain Defendants due to her search for an attorney as suggested by Judge Snow and an overwhelming amount of litigation, filings, hearings and family medical issues.

Due to the new recent evidence obtained by Plaintiff, she would like to reserve her right to appeal the final judgments regarding the aforementioned Defendants.

1. By Law and precedent and in accordance with the Supreme Court of the United States *pro se* Pleadings MAY NOT be held to the same standard as a lawyer's and/or attorney's; and whose motions, pleadings and all papers may ONLY be judged by their function and never their form.

   *See:* Haines v. Kerner; Platsky v. CIA; Anastasoff v. United States; Litigants are to be held to less stringent pleading standards;

   *See:* Haines v. Kerner, 404 U.S. 519-421; In re Haines: pro se litigants are held to less stringent pleading standards than admitted or licensed bar attorneys. Regardless of the deficiencies in their pleadings, pro se litigants are entitled to the opportunity to submit evidence in support of their claims.

   *See also:* Platsky v. C.I.A., 953 f.2d. 25; In re Platsky: court errs if court dismisses the pro se litigant without instruction of how pleadings are deficient and how to repair pleadings.

   *See also:* Anastasoff v. United States, 223 F.3d 898 (8th Cir. 2000); In re Anastasoff: litigants' constitutional (guaranteed) rights are violated when courts depart from precedent where parties are similarly situated.

The court is reminded that pursuant to Federal Rule 11(a) the signature of the Plaintiff constitutes that the Plaintiff has read the pleading and that to the best of her knowledge, information; and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument, for the extension, modification or reversal of existing law; and that it is not interposed for any improper purpose such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

## CONCLUSION

It is incumbent on this honorable court pursuant to Rule 60 (c) (2) and to protect Plaintiff's rights to Due Process to reconsider the dismissals with prejudice or in the alternative allow Plaintiff to reinstate Defendants Mortgage Electronic Registration Systems (MERS), Washington Mutual Bank, NA, GMAC Mortgage, LLC and U.S. Bank National such that Plaintiff may continue with this litigation since the Chapter 7 bankruptcy was dismissed.

RESPECTFULLY SUBMITTED

Dated this 21st day of June 2011

Sherry L. Madison, Plaintiff *pro per*

**COPY** of the foregoing filed
This 21st day of June 2011 with:

Clerk of District Court

Honorable G. Murray Snow
Arizona District Court
130 Sandra Day O'Connor
401 West Washington Street
Phoenix, AZ 85003-2146

**COPY** of the foregoing e-mailed
This 21st day of June 2011 to:

Leonard J. McDonald, Jr.
(ljm@tblaw.com)
Tiffany & Bosco, PA
2525 E. Camelback Rd., Ste. 300
Phoenix, AZ 85323
Attorney for defendants US Bank National Association, Homeq Servicing, Inc.

1  John Masterson O'Neal (joneal@quarles.com)
   Quarles & Brady, LLP
2  1 Renaissance Sq., 2 N. Central Ave.
   Phoenix, AZ 85004
3  Attorney for Indy Mac Bank, FSB

4  Douglas A. Toleno (ecfazd@piteduncan.com)
   Pite Duncan, LLP
5  4375 Jutland Dr., Ste. 200
   San Diego, CA 92117
6  Attorney for defendant GMAC, Homecomings Financial Network, LLC

7  Brian J. Schulman (schulmanb@gtlaw.com)
   Greenberg Traurig
8  2375 E. Camelback Rd. Suite 700
   Phoenix, AZ 85016
9  Attorney for Litton & US Bank

SHERRYL L. MADISON, Plaintiff *pro per*

# EXHIBIT A

**Schedule of Events**

1. 5/28/09 - U.S. Bank Superior Ct FD Hearing, Jury Trial Scheduled
2. 5/29/09 – Plaintiff filed second Amended Civil Action Complaint in the District Court case.
3. 6/2/09 - Telephonic Status Conference Re: U.S. Bank FD
4. 6/4/09 - Daughter had surgery
5. 6/5/09 - 10: 45 Hearing Re: U.S. Bank FD Jury Trial – They Dismissed
6. 6/9/09 - WAMU FD Hearing, Jury Trial Scheduled hearing scheduled
7. 6/9/09 – Response to FD filed
8. 6/09 -- Plaintiff found out that a close family member was seriously ill and had to have a bilateral amputation. He passed 7/23/09.
9. 6/10/09 – 2:00pm Preliminary Hearing – Evidentiary Hearing Scheduled
10. 6/10/09 - 4:00pm Fed Ct preliminary injunction hearing to stop Foreclosures – Judge Snow said that I proved irreparable harm admirably, but strongly suggested that I get an attorney
11. 6/11/09 - Response to Judgment on Pleadings filed in state court
12. 6/12/09 - Oral Argument re: motion for judgment on the pleadings in state court
13. 6/12/09 -- Motion to Dismiss filed by Fremont Investment and Loan Company and MERS, item 187 on pacer. Judge Snow did not rule on this motion.
14. 6/12/09 -- Motion to Dismiss filed by IndyMac Bank and IndyMac Federal Bank, item 188 on pacer.
15. 6/15/09 – Motion to Dismiss filed by HomEq and MERS, item 192 on pacer. Note that as of April 26, 2009 MERS was no longer authorized to do business in the State of Arizona according to the Arizona Corporation Commission. MERS has been without authority to do business in the State of Arizona continuously from that date to today's date. A copy of the motion is attached hereto.
16. 6/18/09 -- Motion to Dismiss filed by Argent Mortgage Company, LLC and AMC Mortgage Services, Inc., item 209 on pacer.
17. 6/19/09 -- Motion to Dismiss filed by Washington Mutual, item 211 on pacer.
18. 6/22/09 -- Motion to Dismiss filed by DHI Title of Arizona, Inc., item 214 on pacer.
19. 6/23/09 -- Ms. Madison deposed in state court case.

20. 6/24/09 -- Stipulation to extend time to answer the complaint granted by Ms. Madison to Sterling Home Mortgage, LLC, Item number 216 on pacer.
21. 6/26/09 -- Evidentiary hearing in state court case.
22. 6/26/09 -- Filed Notice of Appeal in state court case.
23. 6/29/09 -- Trustee Sale of Glendale property by Wells Fargo.
24. 6/30/09 -- Filed motion for Supercedeas stay in state court action.
25. 7/10/09 -- Hearing on stay in state court action.
26. 7/14/09 -- Motion to Dismiss filed by Sterling Home Mortgage, LLC, item 225 on pacer.
27. 7/15/09 – Plaintiff filed notice of appeal in state court case.
28. 7/16/09 -- Hearing in Forcible Detainer action filed by Wells Fargo.
29. 7/20/09 – Response to Fidelity Argent Mortgage, LLC and AMC Mortgage Services, LLC, erroneously named Reply, filed by Ms. Madison. Item number 228 on pacer.
30. 7/22/09 -- Initial trial in Forcible Detainer action.
31. 7/23/09 -- Close family member passed away.
32. 7/24/09 -- Motion for Additional Time to Answer Defendant's Motions to Dismiss filed by Ms. Madison untimely. Item 236 on pacer
33. 8/20/09 – Order of Dismissal with Prejudice dismissing HomEq Servicing and Mortgage Electronic Registration Systems. Item number 254 on pacer
34. 9/10/09 -- Ms. Madison filed her petition and schedules in Chapter 13 bankruptcy and obtained the automatic stay in bankruptcy.
35. 9/14/09 -- Ms. Madison filed her notice of filing bankruptcy in the District Court case. Item number 259 on pacer.
36. 10/8/09 -- Order that no further pleadings be filed, except for the status reports, until the stay is lifted and the matter is ready to proceed. Item number 263 on pacer.

Note that the time to appeal the order dated 8/20/09 had not run as of the time of the filing of the bankruptcy on 9/10/09. The Fremont motion to dismiss, item number 187 was not ruled on by the District Court. Fremont Investment & Loan Company was therefore not included in the order of dismissal.